IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| EDAR ROGLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. WDQ-14-228 |
| ALEXANDRA M. FOTOS, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATIONS

Pending is the "Verified" Motion to Strike Defendants' Answer filed by Plaintiff Edar Rogler ("Plaintiff"). [ECF No. 12]. Pursuant to 28 U.S.C. § 636(c) and Local Rule 301, this motion was referred to me to issue a Report and Recommendations. [ECF No. 50]. No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2014). For the reasons that follow, I recommend that Plaintiff's "Verified" Motion to Strike Defendants' Answer be DENIED.

Plaintiff filed this action *pro se* on January 27, 2014, alleging claims of tortious interference with employment, breach of contract, negligence in performance of safety responsibilities, strict liability for owning and harboring a dangerous animal, and failure to warn. [ECF No. 1]. Defendants Alexandra M. Fotos and Neil Harpe ("Defendants") filed an answer on March 17, 2014. [ECF No. 4]. On May 9, 2014, Plaintiff filed a "Verified" Motion to Strike Defendants' Answer to the Complaint. [ECF No. 12]. Essentially, Plaintiff's motion alleges that Defendants' electronic service of the Answer on Plaintiff violated Federal Rule of Civil Procedure 5 and the Local Rules of this District, and seeks additional time to respond to the Answer.

1

This case has been referred to me for discovery and related scheduling. [ECF No. 14]. Following a lengthy stay to accommodate Plaintiff's medical condition, I held a scheduling conference on December 9, 2014. At that conference, Plaintiff confirmed on the record that she is now in receipt of the Answer. Further, I ruled that any deadlines for filing motions in response to the Answer would begin running anew from December 9, 2014. Finally, the parties confirmed on the record the appropriate process for serving documents on Plaintiff as this case proceeds forward. Thus, I recommend that Plaintiff's "Verified" Motion to Strike Defendants' Answer be DENIED AS MOOT, because any prejudice Plaintiff may have suffered as a result of allegedly improper service has been eliminated by resetting the clock to allow her to respond to the Answer, which is now in her possession.

For the reasons set forth above, I recommend that the Court DENY Plaintiff's "Verified" Motion to Strike Defendants' Answer. [ECF No. 12]. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b.

DATED: December 9, 2014                              /s/

                                                           Stephanie A. Gallagher
                                                           United States Magistrate Judge