IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EDAR Y. ROGLER,   *

    Plaintiff,   *

    v.   *   CIVIL NO.: WDQ-14-228

ALEXANDRA M. FOTOS,   *
    et al.,

    Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ORDER

On January 27, 2014, Edar Y. Rogler sued Alexandra M. Fotos[1] and Neill Harpe, alleging tort and contract theories of liability. ECF No. 1.[2] On March 25, 2014, Rogler "received actual service of the Defendants' Answer." ECF No. 7 ¶ 4; *see also* ECF No. 7-1 at 1.[3] On May 9, 2014, Rogler moved to strike

---

[1] Fotos was sued "in her personal capacity, in her landlord capacity . . ., in her premise owner capacity, [and] in her supervisory capacity for Christine Fotos." ECF No. 1 at 1.

[2] The complaint includes the following causes of action: "tortious interference with employment/business relationship with prospective advantage" (Count One); "breach of contract" (Count Two); "negligence in performance of safety responsibilities" (Count Three); "strict liability: owning and harboring a vicious and/or dangerous animal" (Count Four); and "acts of misfeasance: failure to warn" (Count Five). See *id.*

[3] On March 17, 2014, the Defendants sent their Answer to the address listed on Rogler's Complaint. ECF No. 8 ¶ 1; *see also* ECF No. 1 at 1. A copy was also sent to Rogler via email. ECF Nos. 8 ¶ 1; 12 ¶ 1. On March 21, 2014, Rogler advised the Defendants' counsel that court rules prevented her from being served electronically, and requested another hard copy be mailed

the Defendants' Answer. ECF No. 12.[4] Pending are Rogler's objections to Magistrate Judge Stephanie A. Gallagher's Report and Recommendation ("R&R") denying Rogler's motion. ECF Nos. 94, 107.[5] For the following reasons, the Court will adopt Judge Gallagher's R&R.[6]

Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28

---

to an address different from the one on the complaint. ECF No. 8-1 at 1-2. Defense counsel responded that they were unable to comply with Rogler's request for another hard copy until she "file[d] the appropriate pleading" and they received "notification from the Court of [Rogler's] change of address." *Id.* at 1. On March 25, 2014, Rogler received the Defendants' Answer. ECF No. 7 ¶ 4. On March 28, 2014, Rogler filed a change of address notice with the Court. ECF No. 6.

[4] The defendants opposed this motion, noting, *inter alia*, that Rogler has "acknowledged receipt of Defendants' Answer." ECF No. 15 at 4; *see also* ECF No. 7 ¶ 4.

[5] On December 24, 2014, Rogler moved to enlarge time to submit objections to the R&R. ECF No. 82. On January 15, 2015, this Court granted Rogler an additional 14 days. ECF No. 95. That same day, Rogler moved for an "extension of time & to strike ECF 87 & 88[,] and standing objections, alternatively motion to vacate referral to the magistrate[,] and response in opposition to Motion ECF 89." ECF No. 94. Rogler's motion included an objection to the R&R, *id.* ¶ 2, considered herein. On January 30, 2015, Rogler filed additional objections. ECF No. 107. On February 6, 2015, the Defendants opposed Rogler's objections. ECF No. 111.

[6] The R&R is docketed as ECF No. 74. On February 4, 2015, this suit was stayed pending finalization of a tentative settlement. ECF No. 110. However, this Court's consideration of Judge Gallagher's R&R is exempt from the stay. *Id.* at 1.

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); see also Local Rule 301.5(b) (D. Md. 2014).[7]

A party aggrieved by a magistrate judge's R&R about a dispositive motion must file "specific written objections to the proposed findings and recommendations" within 14 days. Fed. R. Civ. P. 72(b)(2). The reviewing judge "shall make a de novo determination of those portions of the [magistrate judge's] report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

On December 9, 2014, Judge Gallagher recommended that the Court deny as moot Rogler's motion to strike the Defendants' Answer, because Rogler had confirmed receipt of the Answer, and "deadlines for filing motions in response to the Answer would begin running anew from December 9, 2014." ECF No. 74 at 1-2.

---

[7] The R&R states that the referral was made under 28 U.S.C. § 636(c), see ECF No. 74 at 1; however, that appears to be a typographical error. Section 636(c) applies when, upon the parties' consent, a district court designates the magistrate judge to conduct "all proceedings in a . . . civil matter," including the entry of judgment. Here, the order of referral did not assign the motion to strike the Defendants' Answer under § 636(c). See ECF No. 50. Rather, the Court referred the motion to Judge Gallagher for an R&R; thus, § 636(b) applies. This is confirmed by the R&R's subsequent statement that objections must be filed within 14 days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b, provisions that apply to R&Rs issued under § 636(b). See ECF No. 74 at 2.

Thus, Judge Gallagher reasoned that any prejudice Rogler "may have suffered as a result of the allegedly improper service has been eliminated." *Id.* at 2. Rogler objects to the R&R on various grounds; each will be discussed.

First, Rogler objects that the Defendants "failed to properly serve" their Answer in violation of Federal Rules of Civil Procedure 5 and 8, "thereby . . . gain[ing] an unconstitutional advantage in the instant litigation that has not been resolved." ECF No. 107 ¶ 1. "Pursuant to Rule 12(f) the [A]nswer is insufficient as matter of law and should be stricken." *Id.*[8]

Rule 5(b) requires pleadings filed after the complaint to be served, *inter alia*, by "mailing it to the person's last known address--in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(B)(c). Here, in addition to sending the Answer via email, the Defendants mailed it to the address listed on the complaint. ECF No. 8 ¶ 1. Rule 8 governs "general rules of pleading." Fed. R. Civ. P. 8. Rogler has not directed the

---

[8] Rogler notes that the Court "inadvertently entered the wrong Scheduling Order [ECF No. 5] and failed to order the Clerk of the Court to mail copies of orders to the Plaintiff." ECF No. 107 ¶ 1; *see also* ECF No. 5. The revised Scheduling Order directs all papers, other than the complaint to be sent to each of the parties by mail. ECF No. 72. Further, Rogler has acknowledged that "the [A]nswer was filed before [the Scheduling Order] was entered," and "was not as dependent on that inadvertent error." ECF No. 83 at 27:16-20.

4

Court to a Rule 8 violation. Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rogler has not identified an insufficient defense, or redundant, immaterial, impertinent, or scandalous matter, but moved to strike the Answer because "Defendants . . . certif[ied] that they had served [Rogler] electronically," in violation of Federal and Local Rules. ECF No. 12 ¶ 1. This objection lacks merit.

Second, Rogler objects that Judge Gallagher "did not reset the clock" because she "invited the Defendants to file discovery motions on . . . issues that arose" before December 9, 2014, and on Rogler's responses filed before December 9, 2014. ECF No. 107 ¶ 2.[9] Relatedly, Rogler objects that Judge Gallagher's "discovery orders do not resolve all of the prejudice to [Rogler]," and afford unspecified constitutional advantage to the Defendants. Id. ¶ 5.

By way of support, Rogler points to the Defendants' December 15, 2014 motions for appropriate relief (1) as to documents produced by Rogler's medical provider pursuant to

---

[9] Rogler also objects on the ground that Judge Gallagher "wrongfully ordered" Rogler to be deposed before the Defendants. ECF No. 107 ¶ 2; see also id. ¶ 4. However, that issue was addressed in this Court's previous Order, ECF No. 95, which found no reason to disturb Judge Gallagher's schedule, and will not be revisited here.

5

subpoena, which Defendants had received but not reviewed while the case was stayed; and (2) as to the inspection of documents referenced in Rogler's response to the Defendants' request for the production of documents, ECF Nos. 76, 77, that Judge Gallagher confirmed would need to be filed before discovery proceeded, ECF No. 83 at 28:18-29:9. *See* ECF No. 107 ¶ 5.

Rogler apparently contends that those motions were impermissibly filed because discovery was supposed to restart on December 9, 2014, and she was to have 30 days to respond to previously-served discovery requests. ECF No. 107 ¶ 5. Rogler contends that the documents referenced in the Defendants' motions should be returned. *Id.* ¶ 7. Returning, and re-subpoenaing the documents, would be, at the very least, inefficient. Moreover, Judge Gallagher stated that she would not rule on the Defendants' discovery motions until Rogler had an opportunity to respond. ECF No. 83 at 29: 4-8.[10] Thus, the Court is unable to discern any unconstitutional advantage afforded to the Defendants by the filing of these motions after the discovery clock began anew, and this objection lacks merit.

---

[10] This was discussed in detail during the December 9, 2014 settlement conference. ECF No. 83 at 11:10-15:10. As to the subpoenaed documents, Judge Gallagher suggested the Defendants file a motion, to which Rogler could respond. *Id.* at 15:1-7. Rogler responded, "Okay." *Id.* at 15:17. Judge Gallagher sought confirmation, to which Rogler responded, "All right." *Id.* at 15:8-9.

Third, Rogler objects that Judge Gallagher did not hold an evidentiary hearing before finding that Rogler would not be prejudiced by the denial of her motion as moot, and that such finding was "arbitrary and capricious." ECF No. 107 ¶ 3. However, Judge Gallagher based her finding on Rogler's on-the-record confirmation that she had received the Answer and discovery requests. ECF No. 83 at 9:22-23; 27:5-10.[11] Judge Gallagher restarted the discovery clock, to permit "full time for discovery, full time for the status report, and for dispositive motions." Id. at 10:16-19. Judge Gallagher properly exercised her discretion in declining to hold an evidentiary hearing before issuing her R&R. See Local Rule 105.6 ("Unless otherwise ordered by the Court, . . . all motions shall be decided on the memoranda without a hearing.").

Fourth, Rogler objects that setting a date for Rogler's deposition during the December 9, 2014 scheduling conference amounted to "re-visiting the past without any meet and confer required by [Federal Rule of Civil Procedure] 26(f)," or the filing of a discovery motion, and, thus, that Rogler "had no reasonable notice and no reasonable opportunity to be heard." ECF No. 107 ¶ 4.[12] Relatedly, Rogler objects that the Defendants

---

[11] See also ECF No. 7 ¶ 4.

[12] Rogler also takes issue with this Court's finding that she had agreed to be deposed on February 4, 2015. ECF No. 107 ¶ 4; see

7

had discovery beginning April 9, 2014, and gained an unconstitutional advantage by attempting to have a "meet and confer" under Rule 26(f) by sending a letter to Judge Gallagher.[13] ECF No. 107 ¶ 6.

During the December 9, 2014 scheduling conference, Rogler's objections to the deposition schedule were heard and considered by Judge Gallagher. ECF No. 83 at 17:7-19:22. The schedule was reset, thus permitting Rogler time to file any response to the Answer she deemed appropriate. *Id.* at 28:10-14. Her objections about alleged Rule 26(f) violations appear unrelated to the instant motion to strike the Defendants' Answer, and, thus, lack merit.

---

*also* ECF No. 95 at 5. Though Rogler had objected to the scheduled dates for depositions, Judge Gallagher assured her that she would consider extending the discovery deadline if the Defendants' depositions alerted Rogler to additional information she needed. ECF No. 83 at 17:7-16; 18:22-20:4. Rogler then stated that she was available on February 6, 2014, and that Defendants "can do [her] deposition on the 4th [of February]; [she] will do theirs on the 6th." *Id.* at 20:13-16. Rogler then offered to cancel a medical examination she had scheduled on February 5, 2014, and stated that "I think it will be easier just to leave it February 4 for the Plaintiff and February 5 for the Defendants." *Id.* at 20:20-25. Rogler's contention lacks merit.

[13] Within this objection Rogler further asserts that the Defendants "were granted a protective order that Defendants' deposition of Plaintiff would occur before any of Plaintiff's depositions of Defendants and/or witnesses." ECF No. 107 ¶ 6. Rogler misuses the term "protective order"; as previously stated, the Court will not revisit this issue.

Fifth, Rogler objects that she has been forced to "prepare her own discovery," respond to discovery motions, amend her responses to discovery requests, and prepare motions for reconsideration and objections to the R&R. ECF No. 107 ¶ 8. Notwithstanding the objection to the R&R, which the Court permitted Rogler additional time to submit, ECF No. 95, the Court is unable to discern any basis in this objection for overruling the R&R. Rogler asserted that she "has not been relieved of the prejudice to her caused by [sic] Defendants' refusal to comply with the rules." ECF No. 107 ¶ 8. However, as noted, Rogler received the Answer about ten months ago, and has received numerous stays and extensions. *See* ECF Nos. 25, 58, 66, 95. Accordingly, this objection lacks merit.

Sixth, Rogler objects that the Answer was not legally sufficient, and "Defendants' refusal to amend their [A]nswer and service is deliberate and willful." ECF No. 107 ¶¶ 9-10. However, Rogler received the Answer giving rise to the instant motion on March 25, 2014, just eight days after the Defendants sent the Answer to the address on record, in accordance with Rule 5(b), and emailed her a courtesy copy. ECF Nos. 7 ¶ 4; 7-1 at 1; 8 ¶ 1. Rogler has not otherwise stated how the Answer was insufficient. Rogler cites--without explanation--*Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). ECF No. 107 ¶ 9. There, the Fourth Circuit affirmed the

9

District Court's striking of an affirmative defense under Rule 12(f) because it "might confuse the issues . . . and would not . . . constitute a valid defense." 252 F.3d at 347. Here, Rogler has moved to strike the Answer based on its manner of service; as stated above, Rule 12(f) is inapplicable, and *Waste Mgmt. Holdings, Inc.* is unavailing.

In sum, Rogler contends that the R&R was "arbitrary and capricious[,] and bias[ed] in favor of the Defendants," and the "orders and treatment of the court are violating [her] equal protection and due process rights." ECF Nos. 94 ¶ 2; 107 at 6. For the reasons stated above, the Court disagrees.

Accordingly, it is this 25th day of February, 2015, ORDERED that:

1. Rogler's objections to Judge Gallagher's R&R (ECF Nos. 94 ¶ 2, 107), BE, and HEREBY ARE, OVERRULED;

2. Judge Gallagher's R&R (ECF No. 74), BE, and HEREBY IS, ADOPTED;

3. Rogler's motion to strike the Defendants' Answer (ECF No. 12), BE, and HEREBY IS, DENIED AS MOOT; and

4. The Clerk shall SEND copies of this Order to Rogler and counsel of record.

William D. Quarles, Jr.
United States District Judge