IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EDAR Y. ROGLER,                          *

    Plaintiff,                         *

       v.                               *          CIVIL NO.: WDQ-14-228

                    *

ALEXANDRA M. FOTOS,
    et al.,                            *

    Defendants.                        *

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

MEMORANDUM OPINION

Edar Rogler sued Alexandra M. Fotos and Neil Harpe[1] (the

"Defendants") for personal injuries and other claims.  ECF No.

1.[2]  Pending are Rogler's "motion for an extension of time [and]

to strike ECF 87 and 88 [and] standing objections, alternatively

motion to vacate referral to the magistrate,"[3] ECF No. 94,[4] and

---

[1] There has been inconsistent spelling of Neil Harpe's first
name.  The Court will use the Defendants' spelling, and will
direct the clerk to amend the docket to reflect the correct
spelling of "Neil."

[2] Rogler's complaint alleges tortious interference with
employment (count one), breach of contract (count two),
negligence in performance of safety responsibilities (count
three), strict liability for owning and harboring a dangerous
animal (count four), and failure to warn (count five).  ECF No.
1.

[3] Rogler moved to vacate the referral to Magistrate Judge
Stephanie A. Gallagher, to whom discovery matters have been
referred.  ECF Nos. 14, 94 ¶ 6.

[4] The Court previously denied Rogler's objection to Magistrate
Judge Stephanie A. Gallagher's Report and Recommendation ("R&R")

her "motion to vacate orders and specific objections to denial of motion to disqualify the Magistrate Judge Gallagher, alternately, motion to stay for interlocutory appeal," ECF No. 156.[5]  Also pending are the Defendants' and Rogler's motions to enforce settlement.  ECF Nos. 115, 145, 151.[6]  No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  For the following reasons, Rogler's motions to vacate the referral to, and Orders by, Judge Gallagher, and for a stay will be denied, her objections will be overruled, Rogler's motions to strike and for an extension of time will be denied as moot, and the motions to enforce settlement will be denied.

I.   Background

This suit arises from Rogler's work as a caregiver to Alexandra Fotos's mother--Christine Fotos--and injuries she allegedly incurred during her employment.  ECF No. 1 at 2-7.

---

denying Rogler's motion to strike the Defendants' answer.  *See* ECF Nos. 94 ¶ 2 (objection); 114 (Order adopting the R&R).  The other aspects of Rogler's motion were encompassed by the stay of proceedings, which was lifted on April 7, 2015.  *See* ECF No. 110.

[5] Also pending is the Defendants' motion to seal, ECF No. 89. However, as discussed more fully below, the Defendants have since agreed to withdraw that motion.

[6] The Defendants have moved to dismiss the suit under Federal Rule of Civil Procedure 37(d) following Rogler's failure to attend her April 7, 2015 deposition.  ECF No. 148.  Rogler has moved for an extension of time to respond to that motion. Because both motions implicate discovery and scheduling matters, they will be resolved by Judge Gallagher.

On May 14, 2014, the Court referred the case to Judge Gallagher for discovery. ECF No. 14. On January 8, 2015, the Defendants moved to seal correspondence addressed to Judge Gallagher. ECF No. 89. Rogler opposed the motion. ECF No. 94 at 5. In the same filing, Rogler moved to strike ECF Nos. 87 and 88. ECF No. 94 ¶ 1. On January 26, 2015, the Defendants opposed Rogler's motion to strike. ECF No. 105.

On February 4, 2015, Magistrate Judge Mark J. Coulson--to whom settlement matters had been referred--held a settlement conference. ECF Nos. 90, 110 at 1. "A tentative settlement was reached, pending resolution of some additional issues." *Id.*; *see also* ECF No. 115-1 (summary of the "tentative resolution of the case subject to some unresolved issues"). The settlement was "contingent on all liens being dealt with in a satisfactory manner to all Parties"--including liens potentially asserted by Medicaid and Rogler's former attorney, and a worker's compensation lien that had been asserted. ECF No. 110 at 1-2. Settlement was also contingent on a release of claims against Rogler by the Estate of Christine Fotos and her next of kin. *Id.* at 2. Judge Coulson partially stayed the case until April 6, 2015 to give the parties time to reach a final settlement. *Id.*

On February 27, 2015, the Defendants moved to enforce the settlement.  ECF No. 115.[7]  On March 13, 2015, Rogler opposed the Defendants' motion.  ECF No. 129.  On March 16, 2015, Rogler amended her opposition.  ECF No. 130.

On March 23, 2015, Judge Coulson held a settlement hearing to determine the status of the issues on which the settlement was conditioned.  ECF No. 131.  At the hearing, Rogler stated that she was not interested in pursuing the February 4, 2014 tentative settlement.  ECF No. 136 at 1 (sealed).  Thereafter, Rogler proposed different settlement terms, which the Defendants opposed.  ECF Nos. 134, 135.

On March 25, 2015, Rogler supplemented her opposition to the Defendants' motion to enforce settlement.  ECF No. 138.  On March 27, 2015, Judge Coulson determined that there was "no prospect of settlement on the horizon," but invited the parties to jointly contact his Chambers if further discussions would create a settlement opportunity.  ECF No. 136 at 1.

On April 3, 2015, Rogler moved to enforce a settlement. ECF No. 145.  On April 10, 2015, Rogler amended her motion to enforce settlement to strike the clause dismissing her worker's compensation claims and request an extension of time to file a

---

[7] The Defendants' motion to seal exhibit 2 of the motion to enforce the settlement, ECF No. 117, will be granted.  Exhibit 2 is a confidential release and settlement agreement. *See id*. at 1.

supporting memorandum of law.  ECF No. 151 (sealed).  On April 17, 2015, the Defendants opposed Rogler's motion.  ECF No. 155. On April 24, 2015, Rogler replied.  ECF No. 159.

Because the parties appeared interested in settlement, although on different terms, on April 8, 2015, the Court reassigned settlement matters to Magistrate Judge William Connelly.  ECF No. 147.

On April 9, 2015, Rogler moved to disqualify Judge Gallagher under 28 U.S.C. § 455.[8]  ECF No. 150.  On April 17, 2015, Judge Gallagher denied the motion.  ECF No. 154.  On April 20, 2015, Rogler moved to vacate Judge Gallagher's Orders, objected to Judge Gallagher's denial of her motion, and moved to stay the suit to pursue an interlocutory appeal.  ECF No. 156. On April 29, 2015, the Defendants opposed Rogler's motion.  ECF No. 164.  On April 30, 2015, Rogler replied.  ECF No. 167.

II.  Analysis

    A.    The Defendants' Motion to Seal and Rogler's Motion to
          Strike and for an Extension of Time

The Defendants moved to seal ECF No. 88 because its attachments contained Rogler's medical information and had requested that Judge Gallagher schedule a conference to

---

[8] Section 455 provides that a "magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned" or when she "has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a)-(b) (2012).

consummate a settlement subject to a confidentiality clause.

ECF No. 89 at 1.[9]  Rogler's opposition did not contain arguments

against sealing the correspondence; instead, Rogler argued that

ECF Nos. 87[10] and 88 should be stricken for violating

confidentiality.  ECF No. 94 ¶ 1.  The Defendants have stated

that they do not object to withdrawing ECF Nos. 87, 88, and 89.

ECF No. 105 at 4.  Accordingly, the Defendants will be directed

to withdraw ECF Nos. 87, 88, and 89.  Rogler's motion to strike

ECF Nos. 87 and 88 will be denied as moot.  Rogler's request for

one-week extension to respond to outstanding pleadings, ECF No.

94 at 1, is now moot, and will be denied as such.

    B.   Rogler's Motion to Vacate the Referral

Rogler moved to vacate the referral to Judge Gallagher on

grounds of bias and unsupported rulings--including a purportedly

"arbitrary and capricious" R&R.  ECF No. 94 ¶ 6.  This Court's

February 25, 2015 Order addressed--and adopted--the R&R for

reasons stated therein.  ECF No. 114.  Rogler's remaining

grounds lack merit.[11]  *See United Sates v. Lentz*, 524 F.3d 501,

---

[9] The Defendants requested the settlement conference in response
to what they viewed as Rogler's informal request to have Judge
Gallagher facilitate settlement.  ECF No. 105 at 2.

[10] ECF No. 87 was a notice that correspondence had been filed
under seal.

[11] Rogler generally alleges that Judge Gallagher favors the
Defendants and the "Defendants have prejudiced" Judge Gallagher.
ECF No. 94 ¶ 6.

530 (4th Cir. 2008)(prior judicial rulings "almost never constitute a valid basis for a bias or partiality motion")(internal quotation marks omitted). Rogler's motion to vacate the referral will be denied.

> C.   Rogler's Motion to Vacate Judge Gallagher's Orders and Objections to Judge Gallagher's Ruling

Under Local Rule 301.5.a (D. Md. 2014), "[a] District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Rogler raises several objections to Judge Gallagher's denial of Rogler's disqualification motion. ECF No. 156. The Defendants contend that Rogler's assertions "are unsubstantiated, scandalous, and sanctionable." ECF No. 164 at 3.[12]

First, Rogler objects that Judge Gallagher ruled on her two motions to stay proceedings to permit additional settlement negotiations. *See* ECF Nos. 139, 142, 141, 144. Rogler contends that Judge Gallagher did not have "jurisdiction" to rule on her motions because settlement matters had been referred to a different judge. *See* ECF No. 156 at 6-7. However, this Court has referred discovery *and related scheduling* to Judge

---

[12] The Defendants contend that dismissal is the appropriate remedy. ECF No. 164 at 3. That motion is presently pending before Judge Gallagher; accordingly, this Court will not comment on its merit.

Gallagher, ECF No. 14; thus, Judge Gallagher properly resolved Rogler's motions because a stay would have required amending Judge Gallagher's scheduling order, ECF No. 43, and the timing of discovery.[13] There is no merit in Rogler's assertions that Judge Gallagher is impermissibly "intercept[ing]" Rogler's motions.[14]

Second, Rogler objects to Judge Gallagher's law clerk's presence at the deposition. ECF No. 156 at 8. This Court has previously addressed that concern and found that it lacks merit. *See* ECF No. 95.

Third, Rogler asserts that Judge Gallagher's sending of an Order to Rogler by email had been intended "to demonstrate that [Judge Gallagher] can abuse her powers and ignore [Rogler's] wishes" because Rogler had recently closed her email account. ECF No. 156 at 11. Judge Gallagher's Orders denying Rogler's

---

[13] Rogler asserts that she "never requested a stay of discovery." ECF No. 156 at 11. However, her motions to stay the "proceedings" clearly include discovery.

[14] In response to Rogler's motion to enforce settlement, Judge Gallagher issued an Order confirming that Rogler's deposition would proceed as scheduled. ECF No. 146. Rogler takes issue with Judge Gallagher's receipt of Rogler's motion to enforce settlement, contending that Judge Gallagher's Order "indicates that she has been reading sealed and unsealed filings in the case regarding settlement matters." ECF No. 156 at 7. Rogler offers no legal support for her contention that Judge Gallagher is limited to viewing filings expressly captioned as discovery motions. Moreover, Judge Gallagher's Order was discovery related; it did not purport or appear to rule on settlement matters.

motions to stay and directing her to attend her deposition were
addressed to Rogler's home address.  *See* ECF Nos. 141, 144, 146.
One of those Orders--ECF No. 146--appears to have also been
transmitted by email.  However, simply emailing the Order does
not support Rogler's assertion that Judge Gallagher has abused
her authority.[15]

Finally, Rogler contends that Judge Gallagher and the
Defendants' attorney have "secret, *ex parte* understandings,"
Judge Gallagher's denial of her motions "indicates an intent to
silence . . . [the] Defendants and their counsel about *ex parte*
communications and secret understandings," Judge Gallagher does
not want to read Rogler's filings, and Rogler's "successful[]
defeat[ of] the unethical acts of an [Assistant U.S. Attorney
("AUSA")] at a deposition" provides the basis for Judge
Gallagher's rulings because the AUSA was formerly Judge
Gallagher's colleague.  ECF No. 156 at 8, 13-17.  Rogler's
unsupported allegations are insufficient to show that Judge
Gallagher erred in deciding that disqualification was not
merited.  *See* 28 U.S.C. § 455 (requiring a magistrate judge to
disqualify herself when her "impartiality might *reasonably* be
questioned")(emphasis added); *In re Beard*, 811 F.2d 818, 827

---

[15] It appears that Judge Gallagher emailed the Order as a
precaution because the copy sent by U.S. Mail would not have
reached Rogler in time for her deposition scheduled for the
following day.

(4th Cir. 1987)("The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial. . . . If an affidavit or motion is filed under § 455 seeking disqualification, the judge is not bound to accept those allegations as true.").  Accordingly, Rogler's motion to vacate Judge Gallagher's Orders will be denied, and her objections will be overruled.

Alternatively, Rogler moves to stay the case to pursue an interlocutory appeal or a writ of mandamus to the Fourth Circuit Court of Appeals.  ECF No. 156 at 1, 18.

A district court's authority to stay an action is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir.1953) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).  The decision to stay depends on "the facts and circumstances in each particular case," and is committed to the Court's discretion. *Beck v. Commc'ns Workers of Am.*, 468 F. Supp. 87, 91 (D. Md. 1979).

An order denying a motion to recuse or disqualify is not an appealable interlocutory or collateral order.  *See, e.g., United States v. Parker*, 428 F. App'x 260 (4th Cir. 2011).  A writ of

10

mandamus is a drastic remedy which is available only in extraordinary circumstances when there are no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d at 826 (*citing Kerr v. United States Dist. Court*, 426 U.S. 394, 402, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976)). Although a petition for a writ of mandamus to the Fourth Circuit is available to seek recusal of a federal judge in appropriate cases, *id.* at 827, nothing in the instant case would merit the issuance of the extraordinary writ.

Further, although Rogler initiated this action almost 18 months ago, discovery is still in its early stages. *See* ECF Nos. 1 (complaint filed Jan. 27, 2014), 72 (amended scheduling order issued Dec. 9, 2014). This case has been stayed three times; twice to enable Rogler to attend to her medical conditions, and once for settlement negotiations. *See* ECF Nos. 58, 66, 110. An additional stay would further impede timely resolution of this suit. Accordingly, Rogler's alternative motion for a stay will be denied.

D.   Motions to Enforce Settlement

The Defendants argue that the Court should enforce the February 4, 2015 settlement because the contingencies to which the tentative settlement was subject have been satisfied. ECF

No. 115 at 4.[16]  The Defendants contend that (1) the Estate of
Christine Fotos would waive its worker's compensation lien and
dismiss worker's compensation claims, (2) Rogler had provided
"written assurances" that Medicaid is not asserting a lien, and
(3) "there is no indication that [Rogler's former attorney] is
asserting a lien."  ECF Nos. 115 at 2.  Rogler argues that she
never agreed to the terms stated in Judge Coulson's February 4,
2015 Order staying the case, ECF No. 110, and the closure of
Christine Fotos's Estate prevents the satisfactory resolution of
liens and releases of liability.  ECF No. 129 at 1-3.[17]

About a week later, Rogler moved to enforce the settlement
terms in Judge Coulson's February 4, 2015 Order staying the
case, ECF No. 110.  ECF No. 145 at 1.  Rogler now contends that
"[s]he has received satisfactory communication with (*sic*) the
D.C. government about its Medicaid lien for past treatment";
however, Rogler also contends that Christine Fotos's Estate is
closed and if the attorney who represented the Estate "[does]
anything in regards to the Plaintiff with the [E]state being

---

[16] ECF No. 115 at 4 is page five of the Defendants' motion; page
four appears to have been omitted from the record.

[17] Rogler's amended opposition makes various accusations against
Judge Coulson and the Defendants' counsel and repeats the
arguments raised in her first opposition.  ECF No. 130.
Rogler's supplemental opposition asserts that the Defendants'
counsel violated her confidentiality and asks the Court to "take
judicial notice" of the closure of Christine Fotos's Estate.
ECF No. 138.

closed, Plaintiff will immediately file a petition to re-open
the [E]state and take further action." *Id.* Rogler then amended
her motion to "strike [the] clause [in the February 4, 2015
Order] . . . dismissing workers' compensation claims as [a]
contravention of public policy." ECF No. 151 at 1-2.[18] Rogler
urges the Court to "revise the settlement agreement" and
"sever[]" that clause as an "unreasonable covenant." *Id.* at 2.

District courts have inherent authority to enforce
settlement agreements "when the practical effect is merely to
enter a judgment by consent." *Millner v. Norfolk & Western Ry.*
*Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981); *Williams v. Prof'l*
*Transp., Inc*, 388 F.3d 127, 131-32 (4th Cir. 2004). Before
enforcing a settlement agreement, the Court "(1) must find that
the parties reached a complete agreement and (2) must be able to
determine its terms and conditions." *Hensley v. Alcon Labs.,*
*Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002) (internal citation
omitted). When there are material disputes about the existence
of the agreement or its terms, the Court may not enforce the
agreement without a plenary hearing. *See id.* at 541.

---

[18] Rogler directed her amended motion to enforce settlement to
Judge Connelly, to whom settlement has now been referred. *See*
ECF Nos. 149, 151 at 1. However, the motions to enforce settle-
ment relate to the terms tentatively outlined in settlement pro-
ceedings before Judge Coulson. At the appropriate time, Judge
Connelly will conduct further settlement proceedings.

Here, a hearing is unnecessary because enforcement would be premature. Judge Coulson's February 4, 2015 Order noted the terms of a tentative settlement, but gave the parties about two months to resolve the contingencies and reach a final settlement agreement. *See* ECF No. 110. At the March 23, 2015 settlement status hearing, it was clear that a final settlement had not been reached. *See* ECF No. 136 at 1. In light of the opposing motions urging the Court to enforce different settlement agreements, the prudent course is to permit the parties time to continue settlement discussions to see if agreement can be reached. For that reason, the Court has referred settlement matters to Judge Connelly. *See* ECF No. 147. Accordingly, the motions to enforce settlement will be denied.[19]

III. Conclusion

For the reasons stated above, Rogler's motions to vacate the referral to, and Orders by, Judge Gallagher, and for a stay will be denied, her objections will be overruled, her motions to strike and for an extension of time will be denied as moot, and the motions to enforce settlement will be denied.

_7/16/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge

_____

[19] Rogler's request for an extension of time to file a memorandum of law is now moot, and will be denied as such.

14