Case 1:14-cv-00228-JKB   Document 181   Filed 07/23/15   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDAR Y. ROGLER,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No. WDQ-14-228 |
| **ALEXANDRA M. FOTOS** *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATIONS**

Pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, United States District Court Judge William D. Quarles, Jr. ("Judge Quarles") referred this case to this Court for discovery and all related scheduling. [ECF No. 14]. Presently pending is Defendants' Motion to Dismiss Pursuant to Rule 37. [ECF No. 148]. Because Defendants seek a dispositive sanction, this Court has addressed their Motion in the form of a Report and Recommendations to Judge Quarles. Upon review of Defendants' Motion, as well as Plaintiff's Conditional Opposition and her Amended Opposition [ECF Nos. 161, 162], this Court respectfully recommends that Plaintiff be ordered to sit for her deposition, with this Court's law clerk present, within thirty (30) days from the date of Judge Quarles's final order on Defendants' Motion. In the event that Plaintiff does not comply, this Court recommends that this case be dismissed in its entirety.

**I. Relevant Background**

Defendants' primary contention for dismissal of this case under Federal Rule of Civil Procedure 37(b) stems from Plaintiff's failure to comply with this Court's orders to sit for her deposition with this Court's law clerk present. A discussion of this background is therefore necessary.

1

In May, 2014, this case was referred to this Court for discovery and related scheduling. [ECF No. 14]. After a series of extensions and stays in the case, *see* ECF Nos. 25, 58, 66, this Court held a scheduling conference with the parties on December 9, 2014, to discuss an appropriate schedule for the case going forward. Subsequent to the scheduling conference, this Court issued a new scheduling order that, among other things, set a discovery deadline of March 9, 2015. [ECF No. 72]. This Court also issued a letter order summarizing the results of the discussion, in particular, confirming that Plaintiff's deposition would be held in the courthouse on February 4, 2015, and would be monitored by one of this Court's law clerks. [ECF No. 73]. Plaintiff simultaneously objected to and moved to reconsider this order, claiming, among several things, that the presence of this Court's law clerk at her deposition was an improper delegation of judicial authority. [ECF No. 79]. This Court denied Plaintiff's motion to reconsider [ECF No. 93], and Judge Quarles overruled Plaintiff's objection, ordering that: "Judge Gallagher's law clerk is permitted to monitor depositions and 'meet and confers' [and] Rogler's February 4, 2015 deposition will proceed as scheduled." [ECF No. 95].[1]

In January, 2015, this case was referred to United States Magistrate Judge J. Mark Coulson ("Judge Coulson") for settlement. [ECF No. 90]. Judge Coulson scheduled a settlement hearing for February 4, 2015, to take place before the start of Plaintiff's scheduled deposition. [ECF No. 92]. At the hearing, the parties reached a tentative settlement agreement, which Judge Coulson memorialized in an order partially staying the case until April 6, 2015, pending finalization of the agreement. [ECF No. 110]. Judge Coulson also ordered that if the parties did not reach a final settlement by April 6, 2015, then the stay would be lifted on April 7,

---

[1] In his most recent ruling, Judge Quarles again reiterated that Plaintiff's objection to the presence of this Court's law clerk at her deposition lacks merit: "Second, Rogler objects to Judge Gallagher's law clerk's presence at the deposition. ECF No. 156 at 8. This Court has previously addressed that concern and found that it lacks merit. *See* ECF No. 95." [ECF No. 178 at 8].

2

2015, with Plaintiff's deposition to take place in the courthouse on that date. *Id.* On March 23, 2015, in a follow-up settlement status hearing with Judge Coulson, the parties indicated that they would not be reaching a final settlement. [ECF No. 131].

On March 27, 2015, Plaintiff filed a motion to stay the case for an additional sixty days to accommodate "further settlement negotiations," which this Court denied on April 1, 2015. [ECF Nos. 139, 141]. This Court ordered, "Judge Coulson's settlement stay expires on April 6, 2015, and Plaintiff must appear for her deposition on **April 7, 2015 at 10 a.m.** at the Baltimore Federal Courthouse on the eighth floor." [ECF No. 141]. On March 31, 2015, Plaintiff filed an expedited motion for leave and amended motion to extend the stay of proceedings for compliance with the statutory rights of the D.C. Government and automatic stay of bankruptcy, which this Court denied on April 2, 2015. [ECF Nos. 142, 144]. This Court ordered, "[T]he current stay of proceedings will expire on April 6, 2015, and Plaintiff must appear for her deposition on **April 7, 2015 at 10 a.m.** at the Baltimore Federal Courthouse on the eighth floor." [ECF No. 144]. Upon receipt of Plaintiff's motion to enforce settlement dated April 3, 2015 [ECF No. 145], this Court again ordered that Plaintiff's deposition proceed as scheduled: "Given the history of this case and the difficulties that have been experienced consummating a settlement, unless a final, executed settlement agreement is reached prior to April 7, 2015 at 10 am, Ms. Rogler's deposition **will proceed as scheduled**." [ECF No. 146].

On April 7, 2015, Plaintiff appeared at the Courthouse, but she immediately objected to the presence of this Court's law clerk, and she also moved to disqualify this Court. *See* ECF No. 148, Exh. 1. After Plaintiff stated her objections on the record, she asked the law clerk to leave:

> Plaintiff: So I'm asking the law clerk to leave. And if she doesn't leave, I'm leaving. Will you please leave?

3

> Law Clerk: I will not leave. It's an order by Judge Gallagher that I stay here. I will not be speaking.
>
> Plaintiff: All right. Thank you. Bye.

Plaintiff then left the Courthouse without answering any deposition questions.

## II. Defendants' Motion to Dismiss Pursuant to Rule 37

Defendants now move to dismiss this case pursuant to Rule 37(b) due to Plaintiff's non-compliance with this Court's orders that Plaintiff appear for her deposition on April 7, 2015, with this Court's law clerk present. Def. Mot. 7–8. Plaintiff denies that she failed to comply with any of this Court's orders, since she did "appear" for her deposition on April 7, 2015, but "moved with good cause and in good faith to disqualify The Magistrate Judge Gallagher who was not present, and to the presence of her law clerk as a 'monitor.'" Pl. Am. Cond. Opp. 2 (internal citations omitted). Plaintiff also argues that Defendants misrepresent that there is more than one order with which she did not comply. *Id.*

Plaintiff's arguments are unpersuasive. First, Judge Quarles overruled Plaintiff's objection to the presence of this Court's law clerk at her deposition, well before her deposition was to occur. *See* ECF No. 95. Second, although Plaintiff argues that she technically did "appear" for her deposition, it is clear that the deposition did not proceed. In four separate letter orders, this Court emphasized that Plaintiff's deposition would be held on April 7, 2015. Taken in context, these orders do not merely order Plaintiff to "appear" at the courthouse, but rather they order Plaintiff to appear *for* her deposition, with the intention that the deposition *will proceed*. That Plaintiff actually showed up, only to again object to the law clerk's presence and refuse to proceed if the law clerk did not leave, did not absolve her of her obligation to fully comply with this Court's orders. Lastly, it is irrelevant whether Plaintiff failed to comply with

one or more than one of this Court's orders, since for a court to impose sanctions under Rule 37(b)(2)(A), a party need only fail to obey one discovery order.[2]

Thus, because Plaintiff did indeed fail to comply with a discovery order issued by this Court, the analysis turns to what sanctions should be imposed.

### III. Legal Standard

Under Federal Rule of Civil Procedure 37(b)(2)(A), courts have broad discretion when imposing sanctions on a party for not obeying a discovery order. In determining what sanctions, if any, to impose under Rule 37, courts in the Fourth Circuit consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack and Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (internal quotation marks omitted). The presence or absence of any one of these factors is generally not decisive. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010). "The sanction of dismissal is generally limited to 'the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules.'" *Hughley v. Leggett*, DKC-11-3100, 2013 WL 3353746, at *2 (D. Md. July 2, 2013) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)).

### IV. Analysis

First, Plaintiff acted in bad faith when she refused to proceed with her deposition with this Court's law clerk present. On four occasions, this Court ordered Plaintiff's deposition to proceed as scheduled. When Plaintiff objected to this Court's initial order [ECF No. 79], Judge

---

[2] The Court notes, however, that all four of this Court's letter orders regarding Plaintiff's scheduled deposition end with the following language: "Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such." *See* ECF Nos. 73, 141, 144, 146.

5

Quarles overruled it, reasoning that, "Rogler has not cited, nor has this Court located, any authority for the proposition that Judge Gallagher's law clerk may not monitor depositions or conferences. . . . The law clerk would not be making any rulings or acting in a judicial capacity." [ECF No. 95]. Thus, Plaintiff's standing objection on the record was not made with good cause or in good faith, as Plaintiff argues. That Plaintiff moved for this Court's disqualification on the record also did not warrant her absolute refusal to sit for her deposition. Judge Quarles's recent ruling denying Plaintiff's attempts to disqualify this Court and vacate this Court's orders also supports this position.

Second, Defendants have suffered prejudice from Plaintiff's non-compliance. Defendants cannot fully defend against Plaintiff's claims, and adequately prepare for a possible trial, without being able to depose Plaintiff and ascertain the details of her story and her arguments. Third, there is a need for deterrence of Plaintiff's non-compliance because what Defendants ultimately seek is Plaintiff's testimony, which they cannot obtain while Plaintiff refuses to sit for the deposition ordered by this Court. Fourth, because outright dismissal is a severe sanction, this Court finds it reasonable to provide Plaintiff with one more opportunity to sit for her deposition with this Court's law clerk present, in full compliance with this Court's discovery orders and the Federal Rules of Civil Procedure. If Plaintiff again fails to comply, then dismissal is warranted because Plaintiff will essentially bring her case to a standstill so long as she refuses to be deposed, impeding Defendants' ability to gather necessary information to defend against Plaintiff's claims.

Lastly, under Federal Rule of Civil Procedure 37(b)(2)(C), if a party fails to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

failure was substantially justified or other circumstances make an award of expenses unjust." "A party satisfies the 'substantially justified' standard if there is a genuine dispute as to proper resolution or if a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact." *Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, PWG-11-3555, 2013 WL 3863935, at *5 (D. Md. July 23, 2013) (internal quotation marks omitted).  For the reasons stated herein, Plaintiff does not provide any substantial justification for her failure to comply with this Court's orders. Moreover, the Court is unaware of any circumstances that would make an award of expenses unjust.  Therefore, this Court recommends that Defendants submit a bill of costs and attorney's fees within fourteen (14) days from the date of Judge Quarles's final order.  Within fourteen (14) days thereafter, Plaintiff may file a response, which shall be limited to: (1) objecting to the reasonableness of Defendants' expenses, and/or (2) providing a factual basis on which the Court may find that the imposition of such expenses on Plaintiff would be unfair.  *See id.*

**V. Conclusion**

For the reasons discussed above, this Court recommends that:

1. Judge Quarles order Plaintiff to appear at the courthouse, sit for her deposition, and properly answer defense counsel's questions pursuant to Federal Rule of Civil Procedure 30, with this Court's law clerk present, on a mutually agreeable date within thirty (30) days from the date of Judge Quarles's final order;[3]

2. In the event that Plaintiff does not comply, Judge Quarles grant Defendants' Motion to Dismiss Pursuant to Rule 37 [ECF No. 148], pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v); and

---

[3] If the parties are unable to agree on a date for Plaintiff's deposition within 30 days from the date of Judge Quarles's final order, this Court recommends that it select a date without consultation with either party.

3. Judge Quarles order Plaintiff to pay the reasonable expenses, including attorney's fees, caused by her failure to comply with this Court's discovery orders, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), following the procedure outlined above.

I also direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff's address listed on Plaintiff's Complaint [ECF No. 1].

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report.  Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  July 23, 2015                                                                                       /s/
                                                                                                   Stephanie A. Gallagher
                                                                                                   United States Magistrate Judge