IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EDAR Y. ROGLER,

    Plaintiff,

        v.

ALEXANDRA M. FOTOS,
    et al.,

    Defendants.

CIVIL NO.: WDQ-14-228

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED MEMORANDUM OPINION

Edar Rogler sued Alexandra M. Fotos and Neil Harpe (the

"Defendants") for personal injuries and other claims. ECF No.

1.[1] Pending are Rogler's objections to Magistrate Judge

Stephanie A. Gallagher's Report and Recommendation ("R&R"), ECF

No. 186, and several motions.[2] No hearing is necessary. Local

---

[1] Rogler's complaint alleges tortious interference with
employment (count one), breach of contract (count two),
negligence in performance of safety responsibilities (count
three), strict liability for owning and harboring a dangerous
animal (count four), and failure to warn (count five). ECF No.
1.

[2] Pending are Rogler's motions (1) to declare any alleged former
employer's worker's compensation lien to not be perfected and to
be invalid, ECF No. 163; (2) to disqualify defense counsel, ECF
No. 169; (3) to strike/seal the Defendants' opposition to her
motion to disqualify defense counsel, alternatively, reply to
the Defendants' opposition, ECF No. 172; (3) to enforce an oral
agreement, ECF No. 176; (4) to vacate ECF No. 165 and submit
non-ECF communications into the record, ECF No. 180; (5) for
reconsideration of order, request for decision on
disqualification of defense counsel, and motion to vacate R&R,
alternatively, objections to said R&R, alternatively, motion to

Rule 105.6 (D. Md. 2014). For the following reasons, the Court will adopt the R&R with a minor modification; the motions will be resolved as discussed herein.

I.    Background

This suit arises from Rogler's work as a caregiver to Alexandra Fotos's mother--Christine Fotos--and injuries she allegedly incurred during her employment. ECF No. 1 at 2-7. *See* ECF No. 1 (complaint filed Jan. 27, 2014). Although pending for almost two years, litigation has been delayed by stays, extensions, unsuccessful settlement discussions, and contentious motions and objections to orders issued by Magistrate Judges.

On May 14, 2014, the Court referred the case to Judge Gallagher for discovery and related scheduling under the Magistrate Judges Act, 28 U.S.C. § 636, and the Local Rules. ECF No. 14. After several extensions and stays, on December 9, 2014, Judge Gallagher held a scheduling conference to discuss discovery. ECF Nos. 25, 58, 66, 72, 83. After the conference, Judge Gallagher set a discovery deadline of March 9, 2015, and ordered Rogler to appear for her deposition at the courthouse on February 4, 2015. ECF Nos. 72, 73. The Order stated that Judge

stay pending interlocutory appeal, ECF No. 184; and (6) to strike the Defendants' motion to strike, alternatively, response in opposition to said motion, alternatively, for leave to amend *nunc pro tunc* if necessary, ECF No. 190. Also pending is the Defendants' motion to strike Rogler's supplemental R&R objections. ECF No. 189.

Gallagher's law clerk would monitor all depositions. ECF No. 73 at 1. Rogler objected to the presence of the law clerk; on January 15, 2015, this Court overruled Rogler's objections and ordered her to appear for her deposition. ECF No. 95.[3]

On January 12, 2015, this Court referred the case to Magistrate Judge J. Mark Coulson for settlement. ECF No. 90.[4] On February 4, 2015, Judge Coulson held a settlement conference and partially stayed the case pending finalization of a tentative settlement. ECF No. 110.[5] Judge Coulson ordered that

---

[3] The Court explained that the law clerk would not be issuing rulings or acting in a judicial capacity, and would merely be monitoring the proceedings. ECF No. 95 at 4-5. Similarly, in ruling on Rogler's motion to reconsider, Judge Gallagher had clarified that the law clerk would "not be making any rulings or decisions of any sort, but [would] simply be monitoring the proceedings without participating in them." ECF No. 93 at 1. The law clerk would "assist this Court in ensuring efficient and effective discovery in this case, which has been marked to date by innumerable discovery disputes and contested issues." *Id.*

[4] According to the Defendants, on December 23, 2014, Rogler had written to Judge Gallagher stating, *inter alia,* that she would be willing to accept a pre-litigation settlement offer by the Defendants' insurer. ECF No. 171 at 5. On January 2, 2015, the Defendants informed Rogler that the offer was valid and must be accepted by January 12, 2015. *Id.* The Defendants courtesy copied Judge Gallagher on the letter, and James Temple, Esq., counsel for Christine Fotos's Estate. *Id.* On January 8, 2015, the Defendants asked Judge Gallagher to schedule a conference call to consummate the settlement. *Id.* However, this Court had referred discovery and scheduling--not settlement matters--to Judge Gallagher. ECF No. 14.

[5] Judge Coulson appointed W. Scott Sonntag, Esq., as *pro bono* counsel to represent Rogler during settlement proceedings. ECF No. 109. On March 2, 2015, Judge Coulson granted Rogler's motion for reconsideration as to the appointment of counsel and

3

if the parties had not finalized a settlement by April 6, 2015, the stay would be lifted on April 7, 2015 and Rogler's deposition would proceed that day. *Id.*[6] On March 9, 2015, this Court denied Rogler's motions for reconsideration of Judge Coulson's Order staying the case and to vacate the referral to Judge Coulson. ECF No. 122. On March 23, 2015, Judge Coulson held a sealed status hearing regarding the tentative settlement. ECF Nos. 131, 132.

Rogler twice moved to extend the stay, ECF Nos. 139, 142; Judge Gallagher denied the motions and ordered Rogler to appear for her deposition on April 7, 2015, ECF Nos. 141, 144. After Rogler moved to enforce the settlement, Judge Gallagher again ordered Rogler to appear for her deposition. ECF Nos. 145, 146. On April 6, 2015, Rogler sent Judges Gallagher and Coulson and defense counsel several emails about their--and this Court's--

---

terminated Sonntag's representation. ECF Nos. 113, 118 (sealed); *see also* ECF Nos. 112 (Rogler's letter to Sonntag informing him that he may be held personally liable in relation to a D.C. Medicaid lien that had arisen as an issue in settlement negotiations, and "adamantly object[ing] to how defense counsel manipulates judges without full disclosure that she is spreading her personal liability on to you"); 171-1 (Rogler's email to defense counsel stating that she will be proceeding without a settlement attorney).

[6] The Defendants' settlement offer was conditioned on proof that several liens, including the D.C. Medicaid lien, had been resolved. ECF No. 171 at 6; *see also* ECF No. 110 (summarizing the tentative settlement; noting that if all other aspects of the settlement were finalized, Rogler would withdraw her worker's compensation claims pending against the Estate of Christine Fotos).

conduct.[7]  On April 7, 2015, Rogler appeared at the courthouse
but refused to proceed with the deposition because Judge
Gallagher's law clerk was present.  ECF No. 148-1.[8]

---

[7] Rogler accused Judge Gallagher's law clerk of "unethically
spying" on her deposition, Judges Gallagher and Coulson of bias
and prejudice, and this Court of "arbitrarily and capriciously
uphold[ing] orders that [Judge Gallagher] and Judge Coulson had
no jurisdiction to render."  ECF No. 171-2 at 1. She further
accused Judges Gallagher and Coulson of "vicious intimidation"
and "unethically conspiring against [her]."  *Id.* at 2.  A few
minutes later she sent another email:

> What are you going to do?  Order me to your courtroom,
> lock the doors, put a guard by the door and intimidate
> me into giving up my workers' compensation [a]ward or
> what? You will have your guard shoot me?  Your (*sic*)
> all UNETHICAL. VICIOUS. UNBELIEVEABLE!! You violate my
> confidentiality at a drop of a hat and it does not
> bother you in the least. You unethically help
> defendants and harm me.

*Id.* at 3.

[8] Before leaving, Rogler stated her objections for the record:

> Present is the law clerk of Judge Gallagher.  She's
> here to monitor the deposition, which means she's here
> to be a witness.  Her personal opinion will override
> the transcript.  Defendants had the right under the
> rules to hire a video camera, and therefore, I won't
> be able to cross-examine the law clerk.  And it's an
> unethical act.  It's prohibited by the rules and it's
> beyond the jurisdiction of the Judge to order her law
> clerk to be a witness or monitor anything.  Secondly,
> I'm moving for the disqualification of Judge Gallagher
> on 555(a) that she's personally biased . . . .

ECF No. 148-1 at 1.  Defense counsel stated for the record:

> [t]he law clerk is here as merely an observer and is
> not here as a witness.  I was not required under the
> rules to videotape this deposition.  Pursuant to the
> rules of this Court, the law clerk is allowed to be

5

On April 8, 2015, the Defendants moved to dismiss the suit under Fed. R. Civ. P. 37. ECF No. 148.[9] On April 27, 2015, Rogler opposed the motion. ECF Nos. 161, 162. That day, Rogler moved to declare any alleged former employer's worker's compensation lien to not be perfected and to be invalid. ECF No. 163.[10]

On May 4, 2015, Rogler moved to disqualify defense counsel. ECF No. 169. On May 20, 2015, the Defendants opposed the motion. ECF No. 171. On June 5, 2015, Rogler moved to strike or seal the Defendants' opposition. ECF No. 172 (sealed).[11]

On July 8, 2015, Rogler filed a "renewed motion to enforce oral agreement." ECF No. 176.[12] On July 17, 2015, Rogler moved

---

present. . . . The law clerk just recently left the room. But the law clerk's presence was merely as a witness to address any potential objections that we need Judge Gallagher to [be] present for, and whether or not the Plaintiff was going to correctly answer the questions.

*Id.* at 2.

[9] Also on April 8, 2015, because the parties appeared interested in settlement, although on different terms, the Court reassigned settlement matters to Magistrate Judge William Connelly. ECF No. 147. However, the suit did not settle.

[10] The Defendants have not responded to this motion.

[11] On June 17, 2015, the Defendants opposed the motion to strike or seal. ECF No. 175. On July 10, 2015, Rogler replied. ECF No. 177.

[12] On July 16, 2015, this Court denied Rogler's motions to vacate Judge Gallagher's referral or to disqualify Judge Gallagher, and

to vacate ECF No. 165[13] and submit non-ECF communications into
the record. ECF No. 180.

On July 23, 2015, Judge Gallagher issued the R&R. ECF No.
181. On September 10, 2015, Rogler objected to the R&R. ECF
No. 186. On September 11, 2015, Rogler supplemented her
objections. ECF No. 187. On September 21, 2015, the Defendants
moved to strike the supplemental objections. ECF No. 189. On
October 7, 2015, Rogler counter-moved to strike the Defendants'
motion to strike, alternatively, opposed the motion,

---

denied the parties' respective motions to enforce a settlement.
ECF No. 179. The Court had not ruled on Rogler's renewed motion
because it was not ripe for review. The Defendants have not
responded to that motion. On August 10, 2015, Rogler moved for
reconsideration of the Court's Order, and to vacate the R&R,
alternatively, objections to said R&R, alternatively, motion for
stay pending interlocutory appeal. ECF No. 184. On August 26,
2015, the Defendants opposed the motion. ECF No. 185. On
September 11, 2015, Rogler replied. ECF No. 188.

[13] ECF No. 165 is Judge Gallagher's Order granting in part
Rogler's motion for an extension of time to respond to the
Defendants' motion to dismiss. Rogler's response was due April
27, 2015; she had sought an extension until May 18, 2015. ECF
No. 165 at 1. In light of Rogler's filings around the time her
response was due, Judge Gallagher was not persuaded by her
reasons for seeking the extension. *Id.* Nonetheless, Judge
Gallagher gave Rogler until May 8, 2015 to respond to the
Defendants' motion. *Id.*

In connection with briefing on Rogler's motion for an extension
of time, Judge Gallagher initially set May 2, 2015 as Rogler's
reply deadline. ECF No. 180-2. As a courtesy, Judge Gallagher
emailed her Order setting the reply deadline to Rogler, with a
copy to defense counsel. ECF No. 180-1. When Judge Gallagher
received Rogler's reply from the Clerk's office, she sent an
additional email to the parties noting its receipt and
retracting the Order setting Rogler's reply deadline. ECF No.
180-3.

7

alternatively, moved for leave to amend *nunc pro tunc* if necessary. ECF No. 190.

II. Analysis

    A.   Objections to R&R

        1.   Legal Standard

Under 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b) (D. Md. 2014).

A party aggrieved by a magistrate judge's R&R about a dispositive motion must file "specific written objections to the proposed findings and recommendations" within 14 days. Fed. R. Civ. P. 72(b)(2). The reviewing judge "shall make a *de novo* determination of those portions of the [magistrate judge's] report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

        2.   The Defendants' Motion

The Defendants moved for dismissal under Fed. R. Civ. P. 37(b)(2)(A) because Rogler had failed to comply with court orders directing her to appear for her deposition. ECF No. 148.

Judge Gallagher recommended that this Court order Rogler to appear for her deposition within 30 days, and to dismiss the complaint if she failed to do so. ECF No. 181 at 7-8.[14] As discussed below, Rogler's objections to the R&R are unavailing; the Court will adopt the R&R with a minor modification.

Rule 37(b)(2)(A) applies when a party fails to comply with a court order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). In deciding whether to dismiss the suit, the Court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Whether to impose sanctions is committed to the district court's sound discretion. *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). However, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme

---

[14] Judge Gallagher further recommended that the Court order Rogler to pay the reasonable expenses caused by her failure to comply with this Court's order. ECF No. 181 at 8.

sanction of dismissal." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *see also Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 176 (M.D.N.C. 1997) ("[D]istrict court's discretion is 'more narrow' in cases involving dismissal . . . .") (*quoting Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977)).

"[N]oncompliance with discovery orders supports a finding of bad faith." *Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. PWG-11-3555, 2013 WL 3863935, at *3 (D. Md. July 23, 2013); *see also Coastal Mart, Inc. v. Johnson Auto Repair, Inc.*, 196 F.R.D. 30, 33 (E.D. Pa. 2000) ("A party cannot escape responsibility for refusing to allow him or herself to be deposed."). This Court had addressed Rogler's concerns that the law clerk would act as a witness or in a judicial capacity. *See* ECF Nos. 95. Given the contentious nature of this suit, the law clerk's presence was intended as a courtesy to expedite the resolution of issues that may have required Judge Gallagher's attention, and to encourage civility (similar to the effect videotaping a deposition tends to have on participants' behavior). *See* ECF No. 93; Gregory P. Joseph, *et al.*, *Depositions: Techniques, Problem Areas, and Special Situations*, § 775 ALI-ABA 443, 502 (1992). Accordingly, Rogler acted in bad faith when she refused to sit for her deposition. *See Woodard-Charity*, 2013 WL 3863935, at *3.

The Defendants were prejudiced by Rogler's failure to sit for her deposition. In addition to time spent preparing for and attending the deposition, the Defendants lost an opportunity to obtain the information necessary to prepare a defense. *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) ("[T]he plaintiff . . . must prove [her] case, as well as give the defendant an opportunity to prepare against it.").

Additionally, "stalling and ignoring direct orders of the court . . . must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93; *see also B.R. ex rel. Rempson v. D.C.*, 262 F.R.D. 11, 15 (D.D.C. 2009) (dismissal may be merited to "sanction conduct that demonstrates a blatant disregard for the court's orders"). Here, Rogler willfully defied several court orders directing her to appear for her deposition with the law clerk present. *See* ECF Nos. 95, 110, 144, 146.

From the above, it is clear that some sanction is merited. However, this Court agrees with Judge Gallagher that it is reasonable to provide Rogler one more opportunity to attend her deposition before dismissing the suit. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (dismissal is an "extreme sanction"). Nonetheless, in the interest of moving this case forward on its

merits, and because the law clerk's purpose in encouraging civility was not achieved, the Court will not order the law clerk to be present. Rogler is warned that failure to sit for her deposition will result in the dismissal of her suit. *See* *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (district courts must notify a party that a failure to comply with certain conditions may lead to dismissal); *McCloud v. SuperValu, Inc.*, No. PWG-12-373, 2013 WL 1314964, at *5 (D. Md. Mar. 27, 2013) (dismissal merited when plaintiff had been warned that her failure to comply with a court order or to respond to motions and discovery requests would result in dismissal).

Under Rule 37(b)(2)(C), "[i]nstead of or in addition to [imposing a sanction], the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). A party is "substantially justified" when "there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think [that the failure to appear is] correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F.

App'x 586, 599 (4th Cir. 2009) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Rogler has not provided a substantial justification for refusing to sit for her deposition. Though she contends that she "did appear at her deposition," ECF No. 162 at 2, she refused to stay *for her deposition*, ECF No. 141 (ordering Rogler to "appear for her deposition"). She has not provided any reasonable basis for her belief that the law clerk's "personal opinion [would] override the transcript," ECF No. 148-1 at 1, and her legal arguments about the law clerk's presence have been rejected, ECF Nos. 95, 178.[15] There is no indication that an award would be unjust. Accordingly, the Defendants will be permitted to submit a bill of costs and attorneys' fees within 14 days of the accompanying Order.[16]

---

[15] *See also infra* for discussion on Rogler's objections to the R&R. That the Court has decided not to order the law clerk to be present at Rogler's deposition does not mean that Rogler was "substantially justified" in refusing to sit for her deposition. As previously stated, the law clerk's presence was intended as a benefit to the parties and to encourage civility. The Defendants are, of course, free to bear the cost of audiovisual recording, provided they inform Rogler when noticing the deposition. *See* Fed. R. Civ. P. 30(b)(3)(A).

[16] Within 14 days, Rogler may respond, "which shall be limited to: (1) objecting to the amount of fees and/or their reasonableness, and/or (2) providing a factual basis on which the Court may find that the imposition of attorney's fees would be unfair." *Woodard-Charity*, 2013 WL 3863935, at *5.

The Court is not persuaded by Rogler's objections to the R&R. Rogler first objects that Judge Gallagher lacked "authority and jurisdiction" to issue the R&R. ECF No. 186 at 1. Rogler asserts that this Court only referred non-dispositive matters to Judge Gallagher under 28 U.S.C. § 636(b)(1)(A). *Id.* at 2. However, the referral was not limited to non-dispositive matters. *See* ECF No. 14 (issuing the referral under 28 U.S.C. § 636 generally). The Defendants' motion to dismiss under Rule 37(b) implicated discovery; thus, it was proper for Judge Gallagher to issue the R&R on the dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B)(permitting magistrate judges to recommend disposition of dispositive motions, including motions to involuntarily dismiss an action).[17]

Second, Rogler objects that there are no "factual findings based on admissible evidence" or "case law" to support a finding of bad faith. For the reasons discussed above, the Court disagrees.[18]

---

[17] Rogler also contends that discovery closed on March 9, 2015. ECF No. 186 at 3. To the contrary, discovery was stayed pending settlement discussions; when those discussions proved fruitless, the stay was lifted, and Rogler was ordered to appear for her deposition. ECF No. 110.

[18] Further, the cases cited by Rogler are inapposite because they involved the delegation of judicial authority. *See, e.g., Sanders v. Union Pac. R.R. Co.*, 193 F.3d 1080, 1081 (9th Cir. 1999) (law clerk presided over pretrial conference). Rogler amended her second objection to add that Judge Gallagher's use of her law clerk as her "eyes and ears" would deprive her of *de*

14

Third, Rogler objects that Judge Gallagher "is not a defendant . . . and has no standing to make motions to the District Judge on discovery which is now closed." ECF No. 186 at 7. Rogler--who is apparently a member of the bar in California[19]--oddly construes the R&R as a motion. *Id.* at 8. As discussed above, however, Judge Gallagher had authority to issue the R&R.

Fourth, Rogler objects that the R&R "violated [her] constitutional rights to due process and equal protection." ECF No. 186 at 9. She contends "that handlings of these entire proceedings by the court are the result of residual hostility and retaliation against a federal witness in an administrative proceeding by a former employee of the United States' Attorney's Office." *Id.* Rogler has not provided--nor has the Court found-

---

*novo* review of any factual findings because the clerk's comm-
unication with the magistrate would be off the record. ECF No.
187. It is unclear how the law clerk's monitoring of the
depositions would affect the content of the depositions upon
which factual findings would conceivably be based; however, the
deposition did not proceed, and the argument is moot. Though
mindful that Rogler has not sought leave to supplement her
objections, the Court will exercise its discretion in this
instance to accept the filing; thus, it will deny the
Defendants' motion to strike, ECF No. 189, and Rogler's counter-
motion to strike, ECF No. 190. *See* Local Rule 105.2(a) (D. Md.
2014) ("Unless otherwise ordered by the Court, surreply
memoranda are not permitted to be filed."); *Francisco v. Verizon
South, Inc.*, 272 F.R.D. 436, 440 (E.D. Va. 2011) ("As a general
rule, enforcement of local rules is within the sound discretion
of the Court.").

[19] *See* ECF No. 171 at 1.

-authority for the proposition that the R&R has violated her constitutional rights. She had the right to object--which she did--and this Court has reviewed the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

Finally, Rogler objects that Judge Gallagher lacked authority to decide her motion for an extension of time to respond to the Defendants' motion to dismiss. ECF No. 186 at 10. Judge Gallagher had authority to decide discovery matters *and related scheduling*. ECF No. 14. Judge Gallagher's Order granting Rogler some--but not all--of the additional time Rogler had sought was entirely proper; more importantly, the Order is not grounds for rejecting the R&R.

Accordingly, the Court will adopt Judge Gallagher's R&R with the modification that the law clerk will not be present.[20]

B.    Worker's Compensation Lien

Rogler moves this Court "to declare any alleged former employer's worker's compensation lien to not be perfected and to be invalid." ECF No. 163 at 1. According to Rogler, "[the] Defendants are attempting to claim that there is no valid lien on any settlement proceeds that Rogler receives from settling the instant suit." *Id.* at 1-2. Rogler has not provided a legal

---

[20] Thus, the Court will grant in part the Defendants' motion as to an award of reasonable costs and attorneys' fees; it will hold the Defendants' request for dismissal *sub curia* pending Rogler's deposition.

basis for her motion. *See* Local Rule 105.1 (D. Md. 2014) ("Any motion and opposition shall . . . be accompanied by a memorandum setting forth the reasoning and authorities in support of it."). More importantly, however, settlement discussions have concluded without a finalized settlement. Accordingly, Rogler's motion will be denied as moot.

    C.   Disqualification of Defense Counsel

        1.   Legal Standard

"Federal courts have inherent authority to discipline attorneys who appear before them for conduct deemed inconsistent with ethical standards imposed by the court." *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 749-50 (D. Md. 1997) (*quoting MMR/Wallace Power & Indus. v. Thames Associates*, 764 F.Supp. 712, 717 (D. Conn. 1991)). Under Local Rule 704 (D. Md. 2014), "[t]his Court shall apply the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals." *See Stratagene v. Invitrogen Corp.*, 225 F. Supp. 2d 608, 610 (D. Md. 2002).

As stated in *Zachair*:

    A motion to disqualify is a serious matter, which must
    be decided on a case-by-case basis. This is so because
    two significant interests are implicated by a
    disqualification motion: the client's free choice of
    counsel and the maintenance of the highest ethical and
    professional standards in the legal community.
    Nevertheless, the guiding principle in considering a
    motion to disqualify counsel is safeguarding the
    integrity of the court proceedings. Thus, this [C]ourt

must not weigh the competing issues with hair-
splitting nicety but, in the proper exercise of its
supervisory power over the members of the bar and with
a view of preventing an appearance of impropriety,
[this Court] is to resolve all doubts in favor of
disqualification.

*Id.* at 750 (internal citations and quotation marks omitted)

(first alteration added); *see also Jarallah v. Thompson*, No.

CIV.A. DKC 14-1772, 2015 WL 4925212, at *10-11 (D. Md. Aug. 17,

2015) (stating the *Zachair* standard). Disqualification is a

"drastic" remedy resulting in a party losing its chosen counsel;

thus, "the movant 'bear[s] a high standard of proof to show that

disqualification is warranted.'" *Jarallah*, 2015 WL 4925212, at

*11 (*quoting Franklin v. Clark*, 454 F. Supp .2d 356, 364 (D. Md.

2006)); *see also Sanford v. Commonwealth of Virginia*, 687 F.

Supp. 2d 591, 602 (E.D. Va. 2009).

2.   Rogler's Motion

Rogler generally asserts that disqualification is merited

under Maryland Rules of Professional Conduct governing (1)

competence,[21] (2) candor towards the tribunal,[22] (3) fairness to

---

[21] Rogler quotes from the Rules' preamble. *See* ECF No. 169 at 4
("Competence[:] [4] In all professional functions a lawyer
should be competent, prompt and diligent."); Md. Rules of Prof'l
Conduct Preamble. The Rules require that "[a] lawyer shall
provide competent representation to a client. Competent
representation requires the legal knowledge, skill, thoroughness
and preparation reasonably necessary for the representation."
Md. Rules of Prof'l Conduct 1.1.

[22] *See* Md. Rules of Prof'l Conduct 3.3(a).

opposing party and counsel,[23] (4) truthfulness in statements to others,[24] and (5) dealing with unrepresented parties.[25] ECF No. 169 at 4. Rogler asserts seven grounds meriting disqualification; however, she has not connected any ground to a particular Rule of Professional Conduct. *Id.* at 1-3. The Defendants contend that Rogler's "weapon of choice is the frivolous motion," and dispute Rogler's allegations. ECF No. 171 at 9, 10-13. The Court will consider each of Rogler's seven grounds.

First, Rogler contends that defense counsel disclosed confidential settlement discussions in a January 2, 2015 letter to Judge Gallagher filed on the public record. ECF No. 169 at 1 (*citing* ECF No. 87). "Public policy . . . favors private settlement of disputes." *Crandell v. United States*, 703 F.2d 74, 75 (4th Cir. 1983); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 624 (E.D. Va. 2011).[26] However, ECF No. 87 was merely a notice that correspondence had been filed under seal. The January 2, 2015 letter was separately filed under seal. *See*

---

[23] *See* Md. Rules of Prof'l Conduct 3.4.

[24] *See* Md. Rules of Prof'l Conduct 4.1.

[25] *See* Md. Rules of Prof'l Conduct 4.2.

[26] *See also* 28 U.S.C. § 652(d) (providing for confidentiality of alternative dispute resolution processes and prohibiting disclosure of information); Local Rule 607.4 (D. Md. 2014) (same).

ECF No. 88 at 4.[27] Further, Rogler had disclosed similar
settlement details in a December 23, 2014 letter to Judge
Gallagher. *Id.* at 2 (withdrawn). Accordingly, this ground is
not a basis disqualification.

Second, Rogler contends that defense counsel violated
confidential settlement negotiations when she filed the
Defendants' motion to enforce settlement without sealing the
exhibits. ECF No. 169 at 1 (*citing* ECF No. 115). In fact,
exhibit two to the motion, a Confidential Release and Settlement
Agreement, was filed under seal. *See* ECF Nos. 116 (notice of
filing under seal), 117 (motion to seal exhibit). Rogler has
not identified other exhibits that should have been sealed, or
why, nor has she moved to seal them.

Relatedly, Rogler contends that defense counsel violated
HIPAA[28] when she gave Temple (counsel for Christine Fotos's
Estate) information about Rogler's "relationship with Medicaid."
ECF No. 169 at 2. Rogler relies on a letter from Temple to the
District of Columbia ("D.C.") Lead Collection Specialist, Ms.
LaVerne Powell. *Id.* (*citing* ECF No. 138-2). That letter, in

---

[27] ECF No. 88 was sealed soon after it was filed. *See* ECF No. 88
(filed January 8, 2015; modified January 9, 2015). ECF Nos. 87
and 88 have since been withdrawn. *See* Docket.

[28] The Health Insurance Portability and Accountability Act of
1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (codified as
amended in scattered sections of Titles 29, and 42 of the U.S.
Code).

turn, referred to a March 12, 2015 letter from Powell to Rogler stating that D.C. Medicaid had no lien on Rogler's recovery--if any--in this suit, and a March 16, 2015 letter from Rogler to the Mayor of D.C. stating that her worker's compensation claims against Christine Fotos's Estate cannot be dismissed. *See* ECF No. 171 at 12 (summarizing the March 2015 letters, which are not in the record). The Defendants contend that defense counsel gave the March 2015 letters to Temple--who is "well versed in [Rogler's] medical claims"--because Rogler had reversed her position on releasing her worker's compensation claims against the Estate as part of any settlement. *Id.*; *see also* ECF No. 110 (summarizing the tentative settlement). Rogler has not stated which HIPAA provision defense counsel has allegedly violated. Without more, she has not carried her heavy burden of proving that disqualification is merited on this ground. *See Brown v. Mitchell*, 327 F. Supp. 2d 615, 638-39 (E.D. Va. 2004) ("[It] is not the responsibility of the Court to ferret out, from a brief, the legal contentions of the moving party and then to find legal and evidentiary support for them.").

Third, Rogler contends that defense counsel "made multiple misrepresentations to tribunal" when she stated that the Estate of Christine Fotos was open, Temple represented the Estate, and Temple had authority to settle claims against the Estate. ECF No. 169 at 2. The Defendants contend that defense counsel

informed Rogler that she did not represent the Estate, and referred related communications to Temple. ECF No. 171 at 12. Under Md. Rules of Prof'l Conduct 3.3(a)(1), "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal." However, Rogler has not supplied any factual support for her claim that defense counsel wrongly asserted that the Estate was open. As to Temple's status, as recently as March 2015, mere weeks before Rogler filed her motion to disqualify, he represented to the D.C. government that he represented the Estate. *See* ECF No. 138-5. Accordingly, this ground is not a basis for disqualification.

Fourth, Rogler contends that defense counsel "[r]epresented secret understanding[s]" with Judge Gallagher when she stated on the record that Judge Gallagher's law clerk was present "merely as a witness to address any potential objections that we may need Judge Gallagher to be present for . . . ." ECF No. 169 at 2 (*quoting* ECF No. 148-1 at 2). In fact, defense counsel's statement after Rogler left her deposition appears merely to restate Judge Gallagher's Order that the clerk would "monitor" the proceedings to "assist this Court in ensuring efficient and effective discovery." ECF No. 93 at 1. This ground is not a basis for disqualification.

Fifth, Rogler contends that defense counsel moved to enforce the settlement without complying with her duty to inform

the D.C. government about the settlement "under DC Code 4-606." ECF No. 169 at 3. The Defendants contend that they were not obliged to notify the Mayor of D.C. about the settlement because they lacked notice that D.C. had asserted a lien against Rogler's potential recovery. ECF No. 171 at 13.

Under D.C. Code § 4-606(c)(2012):

a third party who is aware that the District might have a claim against the remainder of a judgment or settlement awarded or executed in favor of the beneficiary shall not satisfy the remainder of that judgment or settlement without first giving the Mayor both written notice of the judgment or settlement and 30 calendar days from the date notice is received to determine the appropriateness of a lien under § 4-607, and, if appropriate, to perfect and satisfy that lien.

Here, however, in March 2015, Ms. Powell, D.C. Lead Collection Specialist, stated that D.C. Medicaid did not have a lien on Rogler's recovery. ECF No. 171 at 12. More importantly, the settlement was never finalized; thus, defense counsel's duty--if any--under § 4-606(c) was not triggered. *See* D.C. Code § 4-606(c) (referring to a settlement that has been "*awarded or executed*") (emphasis added). Accordingly, this ground is not a basis for disqualification.

Sixth, Rogler contends that defense counsel "successfully moved [Judge Coulson] to appoint a *pro bono* attorney . . . and failed to disclose the legal significance of the legal term of art 'facilitator' to [Judge Coulson]," thereby transferring "her personal liability . . . off of her own self and onto a *pro bono*

23

attorney and [Rogler]." ECF No. 169 at 3. Rogler's previous

filing contradicts her assertion. *See* ECF No. 113 at 6

(expressing gratitude at Judge Coulson's appointment of Sonntag

as settlement facilitator, noting her consent to the

appointment, but expressing concern that Sonntag might be held

"personally liable for any mistakes made"). There is no

indication that Judge Coulson was confused about Sonntag's role;

moreover, Judge Coulson quickly terminated Sonntag's

representation at Rogler's request. ECF No. 118 (sealed).

Further, there is no evidence--only mere speculation--that

defense counsel acted improperly. Accordingly, this is not a

basis for disqualification.

Finally, Rogler contends that defense counsel failed to

inform the Court about its inadvertent mistakes in Orders about

the Defendants' consent to alternative dispute resolution

("ADR") and scheduling. ECF No. 169 at 3 (*citing* ECF Nos. 5,

11).[29] Rogler cites no authority--nor has the Court found any--

for the proposition that defense counsel is liable for the

---

[29] ECF No. 5 is a scheduling order. Rogler contends that the
Court failed to instruct the Clerk to mail Rogler a copy, and
defense counsel "failed to inform the [C]ourt of its error."
ECF No. 169 at 3. ECF No. 11 is an Order stating, *inter alia*,
the Defendants had not consented to early ADR. However, the
Defendants had consented to settlement discussions before a
Magistrate Judge, though it is unclear whether they had
consented to *early* settlement discussions. *See* ECF No. 10.

Court's inadvertent mistake. Accordingly, this is not a basis for disqualification.

Therefore, having considered Rogler's grounds for disqualification, and finding them to lack merit, the Court will deny Rogler's motion.[30]

    D.    To Strike or Seal Defendants' Opposition to Motion to Disqualify

Notwithstanding Rogler's motion's caption, Rogler first moves for more time to reply to the Defendants' opposition to her motion to disqualify defense counsel. ECF No. 172 at 1 (sealed). In the alternative, Rogler's submits her motion as her reply. *Id.* The Court will accept Rogler's nine-page motion as her reply; her motion for more time to reply will be denied as moot.

As to striking the Defendants' opposition, Rogler generally argues that the opposition lacks legal and factual support. *Id.* Rogler, however, provides no authority for striking the Defendants' opposition. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A response is

---

[30] Because the Court has awarded the Defendants reasonable costs and attorneys' fees in connection with the motion to dismiss, it will decline to award costs and fees in connection with the motion to disqualify. *See* ECF No. 171 at 14 (seeking an award of costs and attorneys' fees for defending this motion, "coupled with [Rogler's] failure to participate in her own Court ordered deposition").

not a pleading. *Cf.* Fed. R. Civ. P. 7(a) (listing types of pleadings). Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings,[31] the weight of recent authority is that such an action is not contemplated or permitted by the Rules.[32] The Court does have inherent authority to strike other documents. *See, e.g., Iota Xi Chapter of Sigma Chi Fraternity v. Patterson,* 566 F.3d 138, 150 (4th Cir.2007). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).

As previously noted,[33] an opposition "shall . . . be accompanied by a memorandum setting forth the reasoning and authorities in support of it." Local Rule 105.1. Although thin on legal support, the Defendants' opposition amply responds to Rogler's factual bases for seeking disqualification. *See* ECF No. 171 at 9-13. Accordingly, the Court will not exercise its inherent authority to strike the motion. *See Chambers,* 501 U.S. at 44, 111 S. Ct. 2123.

---

[31] *See, e.g., McLaughlin v. Copeland,* 435 F. Supp. 513, 519 (D. Md. 1977) (collecting cases).

[32] *See, e.g., In re Minh Vu Hoang,* 484 B.R. 87, 93-94 (D. Md. 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.,* 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); 5C Charles Alan Wright et al., Federal Practice & Procedure § 1380 & nn. 4-6 (3d ed.).

[33] *See supra* Section II.B.

As to sealing, Rogler argues that sealing is merited because of a statement on page seven of the Defendants' opposition disclosing settlement discussions. ECF No. 172 at 4. The Defendants are not opposed to sealing their opposition, provided that the motion to disqualify is also sealed. ECF No. 173 at 2.

Under Local Rule 105.11, a motion to seal must provide factual representations justifying sealing, and explain why alternatives will not sufficiently protect the information. The Court weighs the public's right of access against the parties' rights to protect confidential information. *Winter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121-22 (D. Md. 2009).

Neither party has carried its burden. Rogler has not explained why, for example, redaction, would not sufficiently protect confidential information. The Defendants have not provided any basis for sealing the motion to disqualify. Accordingly, Rogler's motion to seal will be denied without prejudice.[34]

E.    Enforce Oral Agreement

Rogler has filed a "renewed motion to enforce oral agreement and to strike clause(s) that are illegal and/or against public policy." ECF No. 176 at 1. She urges the Court

---

[34] Either party may renew its requests for sealing or other measures (such as redaction) with legal and factual support.

to "order[ the] Defendants to execute" a release and settlement agreement that she has drafted. *Id.* at 2; ECF No. 176-5 (proposed settlement).[35]

District courts have inherent authority to enforce settlement agreements "when the practical effect is merely to enter a judgment by consent." *Millner v. Norfolk & Western Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981); *Williams v. Prof'l Transp., Inc*, 388 F.3d 127, 131-32 (4th Cir. 2004). Before enforcing a settlement agreement, the Court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002) (internal citation omitted).

It is abundantly clear from the record that the parties have not reached an agreement; it would be improper for this Court to order the Defendants to execute the settlement agreement that Rogler has prepared. Accordingly, Rogler's motion will be denied.

    F.    Vacate ECF No. 165 and Submit Non-ECF Communications into the Record

Rogler moves to vacate Judge Gallagher's Order granting in part her motion for an extension of time to respond to the

---

[35] Although the Defendants have not responded to the motion, Rogler's proposed settlement agreement had a July 21, 2015 deadline, which was before the July 27, 2015 deadline for filing a response. *See* ECF No. 176-5 at 4; *see also* Docket.

Defendants' motion to dismiss. ECF Nos. 165; 180 at 1. As grounds, Rogler relies on Judge Gallagher's courtesy emails about the expedited briefing schedule in connection with her motion for an extension of time. *See* ECF Nos. 180 at 1; 180-1 (courtesy email attaching order setting Rogler's reply deadline); 180-2 (Order setting deadline); 180-3 (email noting that Judge Gallagher's Order setting Rogler's reply deadline was withdrawn because Rogler's reply had been received). Thus, Rogler does not dispute the merits of Judge Gallagher's Order. Accordingly, her motion to vacate the Order will be denied.

Rogler further asks for all "non-ECF communications/orders" to be submitted into the record. ECF No. 180 at 2. This Court is unaware of any orders that are not in the record. An exhibit attached to Rogler's motion indicates that Judge Gallagher had retracted her Order setting Rogler's reply deadline before it was docketed because she had received Rogler's reply from the Clerk's office. ECF No. 180-3. Both parties were copied on Judge Gallagher's courtesy emails. Without more information, the Court is unable to grant Rogler the relief she seeks.

      G.    Reconsideration of Order, Request for Decision on Motion to Disqualify, Motion to Vacate R&R, Objections to R&R, or Motion to Stay Pending Interlocutory Appeal

      1.    Legal Standard for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Auto Services Co. v. KPMG, LLP*, 537

F.3d 853, 855 (8th Cir. 2008).[36] A party may move to alter or amend a final judgment under Rule 59(e), or for relief from a final judgment or order under Rule 60. *See* Fed. R. Civ. P. 59(e), 60. Generally, interlocutory orders are subject to modification under Rule 54(b) "prior to the entry of a final judgment adjudicating the claims to which they pertain." *Williams v. Cnty. of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999); Fed. R. Civ. P. 54(b). Because the Court's July 16, 2015 Order was interlocutory, Rule 54(b) governs.[37]

Under Rule 54(b), "any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[38] Thus, when merited, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*,

---

[36] *But see* Local Rule 105.10 (D. Md. 2014) ("Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider issued by the Court shall be filed with the clerk not later than fourteen (14) days after entry of the order.").

[37] A "judgment" is "a decree and any order from which an appeal lies." *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* Fed. R. Civ. P. 54(a)) (internal quotation marks omitted). An appeal lies when the Court renders a final judgment. *Hinton v. Two Attorneys At Law*, 816 F.2d 672 (4th Cir. 1987). Because the Court's July 16, 2015 Order denying Rogler's motion to vacate Judge Gallagher's referral or to disqualify Judge Gallagher adjudicated the rights and liabilities of fewer than all of the claims, it was interlocutory. *Id.*; Fed. R. Civ. P. 54(b).
[38] *See Mateti v. Activus Fin., LLC*, No. DKC-08-0540, 2009 WL 3633339, at *4 (D. Md. Oct. 27, 2009).

326 F.3d 505, 514-15 (4th Cir. 2003).[39]  Resolution of the motion

is "committed to the discretion of the district court," *id.* at

515, and "the goal is to reach the correct judgment under law."

*Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544,

547 (E.D. Va. 2010) (internal citations omitted).

    Although Rule 60(b) applies only to final judgments or

orders, a court may consider the reasons in that rule when

deciding whether to grant relief under Rule 54(b).[40]  *See*

*Fayetteville Investors*, 936 F.2d at 1470; *Mateti*, 2009 WL

3633339, at *4.  Relief under Rule 60(b) is not authorized when

the movant merely asks the Court to "change its mind."

*Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir.

2001).  However, as a general rule, "review of an interlocutory

order under Rule 54 is not subject to the restrictive standards

of motions for reconsideration of final judgments under Rule

60."  *Fayetteville Investors*, 936 F.2d at 1472.

    Notwithstanding Rogler's motion's caption as one for

"reconsideration" of this Court's July 16, 2015 Order denying

---

[39] *See also Fayetteville Investors v. Commercial Builders, Inc.*,
936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is
subject to reconsideration at any time prior to the entry of a
final judgment.").

[40] Under Rule 60(b), a court may grant relief from a judgment or
order for: (1) mistake, inadvertence, surprise, or excusable
neglect; (2) newly discovered evidence; (3) fraud or misconduct
by the opposing party; (4) voidness; (5) satisfaction; or (6)
any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Rogler's motion to vacate Judge Gallagher's referral or to disqualify Judge Gallagher, Rogler primarily restates her objections to the R&R. *See* ECF No. 184 at 1-8. As discussed above,[41] Rogler's objections lack merit. Rogler further complains that if Judge Gallagher had given her more time to respond to the Defendants' motion to dismiss, "she would have located the email correspondence from the United States Attorney's Office . . . to further evidence that [Judge Gallagher] when she was Assistant United States Attorney . . . was involved in the opposition team in the interlocutory appeals in *Rogler v. Leavitt*, 07-0726 WMN and help defend in the case." ECF No. 184 at 3. However, months have passed, and Rogler has not supplied the email nor explained how it proves that Judge Gallagher is biased or should be disqualified. Because Rogler has not persuaded the Court to "change its mind," her motion for reconsideration will be denied. *Pritchard*, 3 F. App'x at 53.

Rogler alternatively moves to stay the suit pending interlocutory appeal. ECF No. 184 at 1, 8. A district court's authority to stay an action is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[41] *See supra* Section II.A.2. For the same reasons, Rogler's alternative motion to vacate the R&R will be denied as moot. Her request for a decision on the motion to disqualify will be denied as moot.

counsel, and for litigants.'" *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir.1953) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The decision to stay depends on "the facts and circumstances in each particular case," and is committed to the Court's discretion. *Beck v. Commc'ns Workers of Am.*, 468 F. Supp. 87, 91 (D. Md. 1979).[42]

"[28 U.S.C. § ]1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *quoted in Randolph v. ADT Sec. Servs., Inc.*, No. DKC-09-1790, 2012 WL 273722, at *4 (D. Md. Jan. 30, 2012). Under § 1292(b), a district court may certify an interlocutory appeal when (1) the appeal involves "a controlling question of law," (2) as to which there is "substantial ground" for disagreement, and (3) immediate appeal "may materially advance the ultimate termination of the litigation."[43] Whether to

_____

[42] Rogler has previously sought, and this Court has denied, her motion to stay the case to pursue an interlocutory appeal or a writ of mandamus to the Fourth Circuit Court of Appeals in connection with her efforts to disqualify Judge Gallagher. ECF Nos. 156; 178.

[43] Section 1292(b) provides, in full:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section,

certify an interlocutory appeal is within the district court's
discretion. *Riley v. Dow Corning Corp.*, 876 F. Supp. 728, 731
(M.D.N.C. 1992), *reconsidered on other grounds*, 876 F. Supp. 732
(M.D.N.C. 1992), *aff'd*, 986 F.2d 1414 (4th Cir. 1993). However,
"§ 1292(b) should be used sparingly and ... its requirements
must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125,
127 (4th Cir. 1989). "[T]he kind of question best adapted to
discretionary interlocutory review is a narrow question of pure
law whose resolution will be completely dispositive of the
litigation[.]" *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438
(Table), 1989 WL 42583, at *5 (4th Cir. 1989). Interlocutory
appeal should not be sought "to provide early review of
difficult rulings in hard cases." *Abortion Rights Mobilization,
Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y.1982).

    Rogler has not identified an issue for certification or
explained why an interlocutory appeal is merited. Because
Rogler moved to stay the suit in connection with her motions to
reconsider this Court's denial of her motion to disqualify Judge
Gallagher and to vacate the R&R, presumably she believes that

────────────────────────────────────

    shall be of the opinion that such order involves a
    controlling question of law as to which there is
    substantial ground for difference of opinion and that
    an immediate appeal from the order may materially
    advance the ultimate termination of the litigation, he
    shall so state in writing in such order.

28 U.S.C. § 1292(b)(2012).

those issues merit interlocutory appeal. However, an order denying a motion to recuse or disqualify is not an appealable interlocutory or collateral order. *See, e.g., United States v. Parker*, 428 F. App'x 260 (4th Cir. 2011). Further, neither Judge Gallagher's nor this Court's resolution of the Defendants' motion to dismiss under Rule 37 meets the above-stated requirements for certification. *See* 28 U.S.C. § 1292(b). Rogler initiated this suit almost two years ago; yet, discovery is still in its early stages. *See* ECF Nos. 1 (complaint filed Jan. 27, 2014). As this Court previously noted,[44] an additional stay would impede resolution of this already prolonged suit. This Court will not support baseless attempts to further delay this litigation. Accordingly, Rogler's alternative motion for a stay will be denied.

III. Conclusion

For the reasons stated above, the Court will adopt the R&R with a minor modification; the motions will be resolved as discussed herein.

11/12/15

Date

William D. Quarles, Jr.
United States District Judge

---

[44] ECF No. 178 at 11.