IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                  *
EDAR Y. ROGLER,
                                  *
      Plaintiff,
                                  *
      v.                             CIVIL NO.: WDQ-14-228
                                  *
ALEXANDRA M. FOTOS,
      et al.,                     *

      Defendants.                 *
```

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Edar Rogler sued Alexandra M. Fotos and Neil Harpe (the "Defendants") for personal injuries and other claims. ECF No. 1.[1] Pending are the Defendants' motions to dismiss pursuant to Rule 37, ECF Nos. 148, 200, and for attorney fees and costs, ECF Nos. 193, 204, and Rogler's motion for an extension of time to respond to the Defendants' second motion to dismiss, ECF No. 205. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the Court will grant the Defendants' first motion to dismiss and deny as moot the second motion to

---

[1] Rogler's complaint alleges tortious interference with employment (count one), breach of contract (count two), negligence in performance of safety responsibilities (count three), strict liability for owning and harboring a dangerous animal (count four), and failure to warn (count five). ECF No. 1.

dismiss.[2]  The Court will award the Defendants the requested fees and costs.

I.   Background

    This suit arises from Rogler's work as a caregiver to Alexandra Fotos's mother--Christine Fotos--and injuries she allegedly incurred during her employment.  ECF No. 1 at 2-7.  *See* ECF No. 1 (complaint filed Jan. 27, 2014).  Although pending for almost two years, litigation has been delayed by stays, extensions, unsuccessful settlement discussions, and contentious motions and objections to orders issued by Magistrate Judges. [3]

    Relevant here, on May 14, 2014, this Court referred the case to the Honorable Stephanie A. Gallagher for discovery and related scheduling under the Magistrate Judges Act, 28 U.S.C. § 636, and the Local Rules.  ECF No. 14.  After several extensions and stays, on December 9, 2014, Judge Gallagher held a scheduling conference to discuss discovery.  ECF Nos. 25, 58, 66, 72, 83.  After the conference, Judge Gallagher set a discovery deadline of March 9, 2015, and ordered Rogler to

---

[2] Because the Court will deny as moot the Defendants' second motion to dismiss, it will deny as moot Rogler's motion for an extension of time to respond to that motion.

[3] The facts are fully stated in this Court's previous Memorandum Opinions.  *See* ECF Nos. 178, 198.  The Background section summarizes the relevant case history; for ease of reference, additional background is noted in the Court's analysis of Rogler's objections to the award of attorney fees and costs. *See infra* Section II.A.1.

appear for her deposition at the courthouse on February 4, 2015.
ECF Nos. 72, 73.  However, on January 12, 2015, the Court
referred the case to Magistrate Judge J. Mark Coulson for
settlement.  ECF No. 90.  On February 4, 2015, Judge Coulson
held a settlement conference and partially stayed the case
pending finalization of a tentative settlement; accordingly,
Rogler's deposition did not proceed on that date.  ECF No. 110.
Judge Coulson ordered that if the parties had not finalized a
settlement by April 6, 2015, the stay would be lifted on April
7, 2015, and Rogler would be deposed that day.  *Id.*

The settlement was not finalized, and Judge Gallagher
ordered Rogler to attend her deposition on April 7, 2015, ECF
Nos. 141, 144, 146.  On April 7, 2015, Rogler appeared at the
courthouse but refused to be deposed because Judge Gallagher's
law clerk was present.  ECF No. 148-1.[4]

On April 8, 2015, the Defendants moved to dismiss the suit
under Fed. R. Civ. P. 37.  ECF No. 148.  On July 23, 2015, Judge
Gallagher issued a Report & Recommendation resolving the
Defendants' motion (the "July 23rd R&R").  ECF No. 181.  Judge

---

[4] Judge Gallagher's law clerk was present pursuant to this
Court's January 15, 2015 Order that the clerk was "permitted to
monitor depositions and 'meet and confers.'"  ECF No. 95.  The
law clerk's presence was intended to "assist this Court in
ensuring efficient and effective discovery in this case, which
has been marked to date by innumerable discovery disputes and
contested issues."  ECF No. 198 at 3 n.3 (*quoting* ECF No. 93 at
1).

Gallagher recommended that this Court order Rogler to appear for her deposition within 30 days, and to dismiss the complaint if she failed to do so.  ECF No. 181 at 7-8.  Judge Gallagher further recommended that the Court order Rogler to pay the reasonable expenses caused by her failure to comply with this Court's order.  *Id.* at 8.

On October 22, 2015, this Court adopted the July 23rd R&R. ECF Nos. 191, 192.  The Court concluded that Rogler had not provided a substantial justification for refusing to sit for her deposition on April 7, 2015.  ECF No. 191 at 13.  Accordingly, the Court permitted the Defendants to present a bill of costs and attorney's fees within 14 days of the issuance of the Memorandum Opinion and Order, and permitted Rogler to respond within 14 days after the Defendants' submitted their request. *Id.*[5]  The Court held the Defendants' first motion to dismiss *sub curia* pending Rogler's deposition within 30 days.  *Id.* at 16 n. 20.  On October 30, 2015, the Defendants moved for attorney fees and costs.  ECF No. 193.[6]

---

[5] The Court additionally limited Rogler's response to "(1) objecting to the amount of fees and/or their reasonableness, and/or (2) providing a factual basis on which the Court may find that the imposition of attorneys' fees would be unfair."  ECF No. 191 at 13; *id.* at n.16 (*quoting Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. PWG-11-3555, 2013 WL 3863935, at *5 (D. Md. July 23, 2013)).

[6] On November 16, 2015, Rogler opposed the motion.  ECF No. 199. On December 2, 2015, the Defendants replied.  ECF No. 201.  On

On November 6, 2015, the Defendants informed Judge Gallagher that the parties had been unable to agree on a date for Rogler's deposition; thus, pursuant to this Court's October 22, 2015, Memorandum Opinion and Order, they asked Judge Gallagher to set a date.  ECF No. 194.  On November 9, 2015, Judge Gallagher ordered Rogler to appear for her deposition on November 23, 2015.  ECF No. 195.  On November 16, Rogler filed a "notice of non-attendance at [her] deposition."  ECF No. 196.  On November 17, 2015, this Court clarified that Judge Gallagher's law clerk would not be present at Rogler's deposition.  ECF Nos. 197, 198.  On November 20, 2015, Rogler informed the Defendants and the Court by telephone that she would not attend her deposition.  *See* Docket.

On December 1, 2015, after Rogler had failed to appear for her November 23, 2015 deposition, the Defendants again moved to dismiss the suit.  ECF No. 200.[7]  On December 16, 2015, the Court, *inter alia*, gave the Defendants 14 days to file an amended motion for attorney fees and costs with the required supporting affidavit, which their original motion had lacked.

---

December 10, 2015, Rogler filed a motion to strike the Defendants' bill of costs and reply to her opposition to the bill of costs, or alternatively, for leave to file a surreply. ECF No. 202.  The Court granted Rogler's alternative motion for leave to file a surreply.  ECF No. 203

[7] Rogler's response was due on December 18, 2015.  *See* Docket. On December 17, 2015, she moved for an extension of time to respond.  ECF No. 205.

5

ECF No. 203.  On December 21, 2015, the Defendants filed a
supplemental motion for attorney fees and costs.  ECF No. 204.[8]

II.  Analysis

    A.  Motion for Attorney Fees and Costs

    Under Federal Rule of Civil Procedure 37(b)(2)(C), instead
of or in addition to [imposing a sanction], the court must order
the disobedient party . . . to pay the reasonable expenses,
including attorney's fees, caused by the failure [to comply with
a court order] unless the failure was substantially justified or
other circumstances make an award of expenses unjust.  Fed. R.
Civ. P. 37(b)(2)(C); *Decision Insights, Inc. v. Sentia Grp.,
Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (a party's
disobedience is "substantially justified" when "there is a
'genuine dispute' as to proper resolution or if 'a reasonable
person could think [his disobedience] correct, that is, if it
has a reasonable basis in law or fact'") (citations and internal
quotation marks omitted).

    The Defendants seek $923.00 in attorney fees, and $275.00
in deposition costs, for a total award of $1,198.00, stemming
from Rogler's failure to sit for her deposition on April 7,
2015.  ECF Nos. 204-1; 204-2 ¶ 8; 204-3.  Rogler argues that the

---

[8] The supplemental motion is unchanged but for the inclusion of
the required affidavit.  *Compare* ECF No. 193, *with* ECF No. 204.
Because Rogler has responded to the original motion, ECF No.
199, the Court will not defer ruling on the supplemental motion.

award of any fees and costs is unjust.  ECF No. 199.  The Court
finds Rogler's arguments unpersuasive; the award the Defendants
seek is appropriate.

      1.  Rogler's Justifications for Failing to Appear

Despite the Court's previous determination that Rogler did
not have a substantial justification for failing to attend her
deposition, Rogler continues to argue that she was "legally
justified and/or substantially justified for all of her
positions and actions taken in the instant matter."  ECF No. 199
at 1, 6-7, 13, 15, 16, 21.  She makes several arguments to
support her position; none is persuasive.

Rogler first argues that the Defendants should not be
awarded costs and fees because the Defendants, in "fail[ing] to
make a good faith effort to resolve discovery disputes,"
violated Federal Rule of Civil Procedure 37, along with this
Court's Local Rule 104.8, which both require that parties confer
regarding discovery disputes before seeking judicial
intervention.  *See* Fed. R. Civ. P. 37(a)(1); Local Rule 104.8
(D. Md. 2014).  The Court initially entered a Scheduling Order
for this case on March 18, 2014.  ECF No. 5.  The Scheduling
Order set a discovery deadline of July 31, 2014.  *Id.*  Following
two stays of discovery because of Rogler's ongoing medical
conditions, the Court ordered that proceedings would resume, and
the extended stay would be lifted, on December 1, 2014.  ECF No.

7

64.   On December 9, 2014, Judge Gallagher held a Scheduling
Conference with the parties to modify the Scheduling Order and
to set dates for Rogler's and the Defendants' depositions.
Judge Gallagher affirmed that the amended Scheduling Order would
be a "modification" intended to "reset the clock" on discovery
in the case going forward.  Hr'g. Tr. 5:3-7.

All parties agreed to the schedule for the depositions
during the December 9th Scheduling Conference.  Hr'g. Tr. 20:15-
16.  It is evident from Rogler's Opposition that, in her view,
the "discovery dispute" over which the Defendants should have
held a "meet and confer" occurred before the December 9th
Conference.  ECF No. 199 at 5, 7; *id.* at 14 ("In a nutshell the
Defendants are not legally entitled to their submitted Bill of
Costs because they went *ex parte* before discovery started and
never filed a motion to compel the Plaintiff's deposition . .
.").  According to Rogler, then, rather than working with Judge
Gallagher and Rogler to set the date for her and the Defendants'
depositions during the Scheduling Conference, the Defendants
should have held a "meet and confer" or filed a motion to compel
Rogler's deposition.

However, Rogler also expressly concedes that "as a matter
of law discovery did not commence" before the amended Scheduling
Order was issued on December 9, 2014, and, therefore, "[p]rior
to December 9th, 2014, there were no legitimate discovery

disputes as a matter of law." ECF No. 199 at 3, 5, 7. Indeed, Judge Gallagher stated throughout the Scheduling Conference that the goal of the conference was to "essentially press the reset button . . . and set a new schedule." Hr'g. Tr. 5:3-7; *see also* *id.* 9:16-21 (The Court: "Now, in terms of resetting the clock . . . what I plan to do at the conclusion of today's proceeding is to issue a new scheduling order that is in the appropriate form for a *pro se* litigant and essentially restart the clock from today. So everything—we will be getting new dates going forward."). Rogler thus asserts that the Defendants violated procedural rules regarding a discovery dispute; however, she also asserts that discovery in this case had not commenced when the Defendants allegedly flouted the discovery rules. These positions are contradictory, and the record reveals that only the latter assertion is factually supported.

In her Objection to Judge Gallagher's December 9, 2014 Report & Recommendation (the "December 9th R&R") addressing her Motion to Strike the Defendants' Answer, ECF No. 107, Rogler acknowledged that discovery was scheduled to restart on December 9, 2014. ECF No. 107 ¶ 5. Moreover, in its February 25, 2015 Order, this Court adopted the December 9th R&R that discovery deadlines would "begin running anew from December 9, 2014." ECF No. 114 (*quoting* ECF No. 74 at 1-2). Thus, Rogler's present argument that the Defendants did not comply with the procedural

rules regarding discovery disputes before that date is
unpersuasive.  Both parties agreed to a deposition schedule
during the December 9, 2014 conference.  *See* Hr'g. Tr. 19:18-21
(The Court: "Okay.  I understand [Rogler's] objection.  I think
in terms of the discovery moving in a logical order, though,
that it does make sense to schedule both sets of depositions at
the same time."); *id.* at 20:15-16 (The Court: "Are [the
deposition dates of February 4th and February 5th, 2015][9]
acceptable to you Ms. Rogler?" . . . Rogler: "They can do my
deposition on the 4th; I will do theirs on the 6th.").  Any
prior discovery disputes between the parties were rendered moot
when the discovery clock restarted, and the transcript
demonstrates that despite Rogler's initial objections, she
agreed to the deposition schedule for herself and the
Defendants.[10]

---

[9] The parties later agreed to postpone Rogler's deposition until
April 7, 2015, pursuant to a stay to finalize a conditional
settlement offer made on February 4, 2015.  ECF No. 110.

[10] Related to her assertion that the Defendants violated the
discovery rules by failing to arrange a "meet and confer" to
resolve a pre-existing discovery dispute, Rogler also argues
that Judge Gallagher "*sua sponte*" issued an "unconstitutional"
order "compelling [] Rogler's deposition to occur on April 7th,
2015 in her Chambers with her law clerk monitoring and
witnessing said deposition and an order of protection forbidding
the Plaintiff to hold any depositions until after said
deposition is held."  ECF No. 199 at 1, 2.  First, Judge
Gallagher did not issue an "order compelling" Rogler's
deposition.  As discussed above, all parties agreed, during the
December 9, 2014 conference, on the deposition schedule.  *See*

Rogler next argues that Judge Gallagher lacked the
authority to recommend that her case be dismissed if she refused
to participate in a later-scheduled deposition.  ECF No. 199 at
1, 9, 13.  This contention lacks merit.  Under 28 U.S.C.
§ 636(b), Judge Gallagher was referred this proceeding for all
discovery and related scheduling matters.  *See* ECF Nos. 14; 198
at 14.  The Court's referral to Judge Gallagher was a general
referral for all matters related to discovery and scheduling,
and was not limited to non-dispositive discovery motions.  *See*
ECF No. 14.  The Defendants' motion to dismiss was directly
related to discovery and scheduling, as the motion was prompted
by Rogler's failure to attend a discovery proceeding.  Judge
Gallagher had authority to issue the R&R under the Court's
general 28 U.S.C. § 636 referral.  *See* 28 U.S.C. § 636(b)(A)
("[A] judge may designate a magistrate judge to hear and
determine *any pretrial matter* pending before the court, except .

---

ECF No. 83.  Judge Gallagher memorialized the parties' agreement
on the deposition schedule in a Letter Order issued the day of
the conference.  ECF No. 73.  Second, during the conference, all
parties agreed to the presence of Judge Gallagher's law clerk at
the deposition.  *See* ECF No. 83.  Third, Judge Gallagher did not
order that the deposition take place in her Chambers, but rather
offered a "conference room" in the Baltimore courthouse for all
depositions, which the parties accepted.  ECF Nos. 73, 83.
Finally, Judge Gallagher did not issue an "order of protection
forbidding the Plaintiff to hold any depositions until after"
Plaintiff's deposition had been held.  Rather, as the transcript
of the conference shows, all parties agreed that Rogler would be
deposed on February 4, 2015, and the Defendants would be deposed
by Rogler on February 6, 2015.  ECF No. 83.

. . a motion to dismiss *for failure to state a claim upon which relief can be granted*, and to *involuntarily* dismiss an action.") (emphasis added).

Rogler additionally asserts that she was substantially justified in failing to attend her deposition because her due process and equal protection rights were violated by Defense counsel's "*ex parte* communications with The Magistrate Judge's judicial staff." ECF No. 199 at 4, 5, 7, 24. Rogler alleges that counsel for the Defendants communicated with Judge Gallagher in "secret off the record understandings." *Id.* She cites as proof of these communications that Defense counsel "admit[ted]" in the Defendants' Opposition to Plaintiff's Motion to Disqualify Defense Counsel that counsel had "requested Plaintiff's deposition be held at the Courthouse," but that "in the transcript of the [Scheduling Conference] held December 9th, 2014, [counsel for the Defendants] never asked for this but for undisclosed reasons the Magistrate Judge ordered it." *Id.* According to Rogler, these facts "demonstrate[] that there was in fact an *ex parte* communication between [counsel for the Defendants] and the Magistrate Judge or her staff, which has adversely affected Plaintiff's constitutional rights." *Id.*

The Scheduling Conference transcript refutes that argument. Contrary to Rogler's assertions that Judge Gallagher "ordered [both parties'] depositions to take place at the courthouse for

undisclosed reasons," Judge Gallagher's rationale for suggesting

the courthouse as a possible deposition location for both

parties is plainly on the record.  Judge Gallagher stated during

the Conference that "given . . . what has transpired in this

case," it would be "permissible" to her for the parties to

schedule their depositions at the courthouse.  Hr'g. Tr. 8:20-

25.  Moreover, Judge Gallagher explicitly stated that,

"obviously, [the parties] don't need to hold [their] depositions

[at the courthouse] if [they] don't think it is a deposition

that would need to be held here and monitored by one of my

clerks.  But if [the parties] would like to do that, I will make

that available to both parties."  Hr'g. Tr. 8:20-25; 9:5-11.

Judge Gallagher's stated reason for suggesting the Baltimore

courthouse as the location for both parties' depositions is

supported by the record of this case; that record shows a

significant number of disputes between the parties, stays of

discovery, and communication problems before the "restart" of

discovery with the December 9th Scheduling Order.  *See, e.g.*,

ECF No. 181.  These events indicate the great liklihood of

continued disputes about the scheduling and location of the

parties' depositions.

Further, Rogler—not counsel for the Defendants—requested

that the depositions be held at the courthouse.  *See* Hr'g. Tr.

15:24-25; 16:1-5 (Rogler: "Okay.  Thank you.  And, Your Honor, I

13

had the request in to depose the Defendants.  And [counsel for the Defendants] refused me to be able to depose the  Defendants. But I would like to . . . proceed with my discovery.  So I would like to have their depositions in the courthouse there in Baltimore like you offered."); *id.* at 20:24-25; 21:1-7 (Rogler: "I think it will be easier just to [schedule] February 4 for the [deposition of] the Plaintiff and February 5 for the [deposition of] the Defendants."  The Court: Okay.  So that is February 4 and February 5?" . . . Rogler: "Yes, Your Honor.  And I would like it to be in the courthouse, Your Honor."  The Court: "Okay. We can schedule those both for the courthouse.").  Nothing in the record implies that the suggested scheduling of the depositions at the courthouse resulted from the Defendants' *ex parte* agreement with Judge Gallagher.  Rogler's acceptance of Judge Gallagher's offer of the courthouse for all depositions further undermines her assertion that "secret off the record understandings" created a bias for the Defendants.

Throughout her Opposition, Rogler contends that Judge Gallagher's July 23rd R&R "does not recommend to the District Judge any sanctions be imposed upon Plaintiff as a decision on the Defendants' Motion to Dismiss Pursuant to Rule 37."  ECF No. 199 at 6, 15, 16.  Rogler interprets Judge Gallagher's R&R as a recommendation that "the Defendants' motion be denied and that no sanctions are imposed upon the Plaintiff."  *Id.*  Contrary to

14

Rogler's assertions, Judge Gallagher's R&R recommends that
Rogler "be ordered to sit for her deposition," and that "in the
event that [she] does not comply, this Court [should]     . . .
dismiss [the case] in its entirety."  ECF No. 181 at 1.
Notwithstanding Rogler's interpretation of the R&R, dismissal is
a permissible sanction under the Federal Rules of Civil
Procedure.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Further, Judge Gallagher expressly noted that "under
Federal Rule of Civil Procedure 37(b)(2)(C), if a party fails to
comply with a court order, the court must order the disobedient
party . . . to pay reasonable expenses, including attorney's
fees, caused by the failure, unless the failure was
substantially justified."  ECF No. 181 at 6 (internal quotation
marks omitted).  Finding that Rogler had not provided
substantial justification for her failure to comply with the
Court order that she sit for her deposition, Judge Gallagher
recommended that "the Defendants submit a bill of costs and
attorney's fees within fourteen (14) days from the date of Judge
Quarles's final order."  *Id.* at 7.  This Court adopted Judge
Gallagher's July 23rd R&R, including the provisions permitting
the Defendants to submit a bill of costs and fees for Rogler's
non-compliance with discovery.  *See* ECF No. 198 at 12-13.

Finally, Rogler argues that she was substantially justified
in failing to attend her deposition because, even "assuming

15

*arguendo* that the Magistrate Judge [Gallagher] did have jurisdictional authority to render discovery orders based on *ex parte* communications, the order [for Rogler to appear at her deposition] was an impermissible delegation of judicial authority to a judicial law clerk." ECF No. 199 at 16-17, 23, 24 . This Court has repeatedly rejected Rogler's legal arguments about the law clerk's presence. *See* ECF Nos. 95, 178, 198. Moreover, the Court expressly noted in the Memorandum Opinion that the Court had decided not to order the law clerk to be present at Rogler's rescheduled deposition in November 2015; that decision "does not mean that Rogler was "substantially justified" in refusing to sit for her deposition. ECF No. 198 at 13 n.15. As previously stated, the law clerk's presence was intended as a benefit to the parties and to encourage civility. *Id.*

      2.   The Defendants' Entitlement to Attorney Fees and Costs

Although Rogler's filing does not address the appropriateness of the fees requested, this Court has applied the relevant standards. In calculating attorney fees, the Court must first ascertain the lodestar, i.e., the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). Once the lodestar has been determined, the Court assesses whether the

hours worked were reasonable or whether the party's request for
attorney's fees includes hours that were unnecessary or
duplicative.  In evaluating the lodestar calculations and the
overall reasonableness of the requested fee, this Court uses the
12 factors articulated in *Johnson v. Georgia Highway Express,
Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the
Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226
(4th Cir. 1978).  Those factors are:

> (1) the time and labor required; (2) the novelty and
> difficulty of the questions; (3) the skill requisite
> to properly perform the legal service; (4) the
> preclusion of other employment by the attorney due to
> acceptance of the case; (5) the customary fee; (6)
> whether the fee is fixed or contingent; (7) time
> limitations imposed by the client or the
> circumstances; (8) the amount involved and the results
> obtained; (9) the experience, reputation, and ability
> of the attorneys; (10) the "undesirability" of the
> case; (11) the nature and length of the professional
> relationship with the client; and (12) awards in
> similar cases.

*Barber*, 577 F.2d at 226.

Here, the Defendants' counsel, a law firm partner, billed
at the rate of $130.00 per hour.  ECF Nos. 204-1; 204-2 ¶ 7.
According to the Guidelines Regarding Hourly Rates in Appendix B
of the Local Rules of this Court, this rate is presumptively
reasonable.[11]  Although the Guidelines are not mandatory, they

---

[11] Defense counsel has apparently been licensed to practice in
Maryland for twenty-seven years.  *See* DeCaro Doran, http://
www.decarodoran.com/our-team/partners/anne-marie-mcginley (last
visited Dec. 22, 2015).  Under the Guidelines, an hourly rate

"provide practical guidance to lawyers and judges when requesting, challenging and awarding fees." Local Rules App'x B.3 n.6 (D. Md. 2014). Thus, the Defendants' counsel's hourly rate is reasonable.

Turning to the overall reasonableness of the fee relative to the hours expended, and using the lodestar factors to inform that analysis, the Court finds that the hours expended were reasonable. Counsel for the Defendants billed the following: 1.10 hours at a rate of $130.00 per hour to attend Rogler's deposition in Baltimore, Maryland; 1.20 hours at the reduced rate of $65.00 per hour to travel to Baltimore from Bowie, Maryland, and back, to attend the deposition; 1.30 hours at the rate of $130.00 per hour for "preliminary preparation" of the motion to dismiss for Ms. Roger's failure to attend her deposition; and 3.50 hours at the rate of $130.00 per hour to "prepare and finalize" the motion. *See* ECF Nos. 204-1, 204-2. These hourly figures reasonably reflect the time a law firm partner would spend on each activity; nothing in the record indicates that time spent working on the motion to dismiss was duplicative or unnecessary.

---

between $300 and $475 is presumptively reasonable for lawyers admitted to the bar for 20 years or more. Local Rules App'x B.3.e. (D. Md. 2014). Defense counsel's hourly rate is significantly less than what would be reasonable for an attorney practicing for over 20 years. In fact, it is less than what would be reasonable for an attorney practicing *less than five*. *See* Local Rules App'x B.3.a.

Further, counsel's inclusion of time spent preparing the motion to dismiss is a reasonable expense for the requested Rule 37 sanctions, since it is reasonable to attribute the need for the motion to Rogler's failure to attend her deposition. *See Singh v. Wackenhut Corp.*, 252 F.R.D. 308, 313 & n.13 (M.D. La. 2008) (granting attorney's fees in a motion for sanctions for Plaintiff's failure to appear at her deposition, including those billed to prepare the motion, and finding that billing for that preparation was reasonable); *Ottovich v. City of Fremont, et al.*, No. C-09-4181-MMC, 2013 WL 5946076, at *5 (N.D. Cal. Nov. 5, 2013) (awarding attorney's fees for preparation of motion to dismiss when dismissal was requested because Plaintiff repeatedly failured to attend his deposition); *Schiller v. Rite of Passage, Inc.*, No. 2:13-CV-0576-HRH, 2014 WL 584264, at *3 (D. Ariz. Feb. 14, 2014) ("[A]ttorneys' fees incurred in preparing for and appearing at the missed deposition and in moving to dismiss the non-compliant party are recoverable under Rule 37(d)(3).").

Counsel for the Defendants also submits a receipt for $275.00, which counsel paid to Planet Depos, a court reporting and videography service. ECF No. 204-3. Because all parties had twice been notified that Rogler's deposition would proceed as scheduled on April 7, 2015, counsel acted reasonably in hiring Planet Depos to go to the courthouse to record the

deposition.  *See* ECF Nos. 144, 146.  Because Rogler did not attend her deposition, and thereby failed to cooperate in discovery, it is reasonable to order her to reimburse counsel for this expenditure.  Accordingly, the Defendants' award is as follows: $923.00 in attorney fees, and $275.00 in costs, for a total award of $1,198.00.

B.   Motion to Dismiss

The Defendants moved for dismissal under Fed. R. Civ. P. 37(b)(2)(A) because Rogler failed to comply with court orders directing her to appear for her deposition.  ECF No. 148.

Rule 37(b)(2)(A) applies when a party fails to comply with a court order compelling discovery.  Fed. R. Civ. P. 37(b)(2)(A).  Sanctions may include "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).  In deciding whether to dismiss the suit, the Court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."  *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).  Whether to impose sanctions is committed to the district court's sound discretion.  *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).  However, "only

the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *see also Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 176 (M.D.N.C. 1997) ("[D]istrict court's discretion is 'more narrow' in cases involving dismissal . . . .") (*quoting Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977)).

In adopting the July 23rd R&R, this Court found that Rogler had acted in bad faith when she refused to attend her deposition, the Defendants were prejudiced by her conduct, and Rogler's willful defiance of several court order merited sanctions. ECF No. 198 at 10-11. However, the Court gave Rogler one more opportunity to attend her deposition; it warned her that failure to do so would result in the dismissal of her suit. *Id.* at 11-12; *see Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (district courts must notify a party that a failure to comply with certain conditions may lead to dismissal).

As noted, on November 23, 2015, Rogler failed to attend her court-ordered deposition. Her complaint will, therefore, be dismissed with prejudice. *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947) ("Mutual knowledge

of all the relevant facts gathered by both parties is essential to proper litigation."); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) ("[T]he plaintiff . . . must prove [her] case, as well as give the defendant an opportunity to prepare against it."); *McCloud v. SuperValu, Inc.*, No. PWG-12-373, 2013 WL 1314964, at *5 (D. Md. Mar. 27, 2013) (dismissal merited when plaintiff had been warned that her failure to comply with a court order or to respond to motions and discovery requests would result in dismissal).

III. Conclusion

For the reasons stated above, the Court will grant the Defendants' first motion to dismiss, held *sub curia* pending Rogler's deposition, deny as moot the second motion to dismiss, and award the Defendants their requested fees and costs.  The Court will deny as moot Rogler's motion for an extension of time to respond to the Defendants' second motion to dismiss.


\_\_\_1/21/16_____          _____
Date                            William D. Quarles, Jr.
                                United States District Judge